[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10916
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2006
THOMAS K. KAHN
CLERK

U.S. Tax Court No. 8934-00

THOMAS G. BRENNER,

                                        Petitioner-Appellant,

                    versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellee

----------------------------------------------------------------

Appeal from a Decision of the
United States Tax Court

----------------------------------------------------------------

**(January 13, 2006)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.


PER CURIAM:

Petitioner-Appellant Thomas G. Brenner, proceeding pro se, appeals the decision of the tax court determining that (i) the notice of deficiency issued to Brenner was valid; (ii) no constitutional argument advanced by Brenner attacking the imposition of a federal income tax was valid; and (iii) sanctions were due to be imposed for Brenner's persistence in advancing frivolous arguments. No reversible error has been shown; we affirm.

Brenner filed no tax returns for tax years 1991 through 1997, and no tax was withheld on income Brenner earned during that period. To determine Brenner's tax liability for those years, the IRS sought information from him; but Brenner, claiming a Fifth Amendment privilege, refused to provide records and sought to prevent third parties from providing information to the IRS. After reconstructing Brenner's income using the bank deposits method, a notice of deficiency issued. Brenner filed timely a challenge to the validity of the deficiency notice and to the tax calculated by the IRS.

Before the tax court, the IRS twice sought and was granted a protective order against Brenner's discovery requests which included groundless or frivolous (or both) contentions. The tax court cautioned Brenner more than once that it would be inclined to impose a penalty on him if he continued to advance frivolous or groundless arguments. Brenner moved for summary judgment on the ground

2

that the IRS had submitted "dummy" returns on his behalf that did not comply with 26 U.S.C. §§ 6020(a)-(b) and 6211, which sections Brenner argued require the IRS to file substitute involuntary returns. According to Brenner's summary judgment motion, because he filed no tax returns (and the IRS filed no substitute involuntary returns), no "deficiency" could be valid. The IRS responded that, contrary to Brenner's contention, section 6211(a) requires no substitute return to be prepared before determining a deficiency and issuing a notice; the IRS supported fully its response with citation to case law.

The matter proceeded to trial. The IRS introduced evidence detailing the reconstruction of Brenner's income from bank deposits and income paid to Brenner as reported to the IRS by the payors. Brenner invoked the Fifth Amendment and refused to testify. On cross-examination of IRS witnesses, Brenner focused on the IRS's failure to complete a "substitute for return;" Brenner introduced no evidence to challenge the income calculations.

Brenner's principle contention before the tax court, and again on appeal, is that no notice of deficiency can be valid unless the taxpayer files a return or the IRS prepares a substitute return for the years at issue. As the tax court observed correctly, section 6020(b) allows preparation of a substitute return for a non-filing taxpayer; but a section 6211(a) deficiency can be determined in the absence of a

3

substitute return. See United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993) ("although the section [§ 6020(b)] authorizes the Secretary to file for a taxpayer, the statute does not require such a filing."). Courts have stated repeatedly that section 6211(a) requires no substitute return to be prepared by the IRS before determining a deficiency and issuing a notice of deficiency. See Geiselman v. United States, 961 F.2d 1, 5 (1st Cir. 1992) (concluding that the deficiency procedures in the Code do not require IRS to prepare tax return for taxpayer before determining income tax deficiency); Schiff v. United States, 919 F.2d 830, 832 (2d Cir. 1990) ("when a taxpayer does not file a tax return, it is as if he filed a return showing a zero amount for purposes of assessing a deficiency. There is no requirement that the IRS complete a substitute return"); Roat v. Commissioner, 847 F.2d 1379, 1381-82 (9th Cir. 1988) ("Deficiency procedures set out in the Internal Revenue Code, 26 U.S.C. § 6211-13, do not require the Commission to prepare a return on taxpayer's behalf before determining and issuing a notice of deficiency."). Nothing in the Code's structure or language supports reading together section 6020(b)'s provisions allowing preparation of substitute returns and the Code's deficiency provisions, 26 U.S.C. §§ 6211-13. Roat, 847 F.2d at 1381-82. A rule requiring preparation of a substitute return as a condition precedent to a notice of deficiency would be contrary to tax policy. Id.

Brenner complains that section 6211 defines a "deficiency" to include only the amount by which the tax imposed exceeds the amount shown on the tax return; absent a return, no deficiency can exist.  Brenner recognizes that Treas. Reg. § 301.6211-1, 26 C.F.R. § 301.6211-1, states expressly that, if no return is filed, section 6211's reference to "'the amount shown as the tax by the taxpayer upon his return' shall be considered zero." § 301.6211-1(a).  Nonetheless Brenner asserts that the regulation only defines deficiency in terms of a filed return because any other definition would impermissibly expand the underlying legislation.  Brenner's strained argument -- which he contends raises an issue of first impression in this circuit -- is belied by the Supreme Court's pronouncement that "[w]here there has been no tax return filed, the deficiency is the amount of tax due," Laing v. United States, 96 S.Ct. 473, 481 (1976), and that Court's citation to Treas. Reg. § 301.6211-(a).  Brenner's claim that the notice of deficiency issued to him was invalid is without merit.[1]

Brenner also takes issue with the imposition (*sua sponte*) by the tax court of $15,000 in sanctions.  The tax court is empowered to impose a penalty of up to $25,000 on a taxpayer if, among other reasons, it appears to the court that the

---

[1]Brenner's claim that a graduated income tax is unconstitutional, albeit routinely championed by tax protesters, is foreclosed by Supreme Court precedent and warrants no further comment.  See Brushaber v. Union Pac. R. Co., 36 S.Ct. 236, 244 (1916).

taxpayer instituted or maintained proceedings primarily for delay, or the taxpayer's position was frivolous or groundless. 26 U.S.C. § 6673(a)(1). We review the imposition of sanctions for abuse of discretion. Roberts v. Commissioner, 329 F.3d 1224, 1229 (11th Cir. 2003).

We see no abuse of discretion. The tax court twice issued protective orders in response to Brenner's discovery motions and on at least two occasions put Brenner on notice that his claims were frivolous; he was warned specifically that if he persisted in asserting frivolous claims he could be subject to sanctions. Brenner, undaunted by the tax court's cautions, moved for summary judgment on the very basis of the claims the tax court had discredited. And, proceeding to trial, Brenner made no attempt to challenge the merits of the IRS's deficiency determination; he doggedly advanced his baseless challenge to the validity of the notice of deficiency and a litany of other meritless constitutional arguments. As we have noted -- and as Brenner was told repeatedly -- the law pertaining to Brenner's claim is (and was) clear and well-settled. Under these circumstances, no abuse of discretion has been shown in the tax court's order imposing sanctions.

The Commissioner moves pursuant to the Internal Revenue Code[2] and Rule 38 of the Federal Rules of Appellate Procedure for the imposition of $6000 in sanctions to compensate partially the government for its direct costs of defending against a frivolous appeal. In the light of the well-settled case law rejecting consistently the positions advanced by Brenner, together with the explicit warnings offered by the tax court (both before and in support of that court's imposition of sanctions in this matter), Rule 38 sanctions are appropriate.

**AFFIRMED**; the Commissioner's motion for sanctions in the lump-sum of $6,000[3] is **GRANTED.**

––––––

[2] 26 U.S.C. § 7482(c)(4) authorizes the Court of Appeals to impose a penalty when affirming the tax court if it appears that the appeal was maintained primarily for delay or the taxpayer's position is frivolous.

[3] The Commissioner states that, during 2001 and 2002, the average expense in attorney salaries and other costs incurred by the Tax Division of the Department of Justice in the defense of frivolous taxpayer appeals in which sanctions were awarded was approximately $6,900. A lump-sum is requested to save "the government the additional cost of calculating its expenses, and also [to save] the court the time and expense of reviewing the submissions of costs." Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997). See Stoecklin v. Commissioner, 865 F.2d 1221, 1226 (11th Cir. 1989) (imposing a lump-sum sanction where appellant raised frivolous arguments in the tax court and on appeal).

7