T.C. Memo. 2007-270

UNITED STATES TAX COURT

STEPHANIE K. MILLS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8631-04.                    Filed September 10, 2007.

Stephanie K. Mills, pro se.

<u>Marshall R. Jones</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>: This case is before the Court on respondent's
motion to dismiss for lack of prosecution and to impose a penalty
under section 6673.[1]

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986 as in effect for the year in
issue, and all Rule references are to the Tax Court Rules of
(continued...)

## Background

Respondent determined a deficiency in income tax of $17,380 and additions to tax under sections 6651(a)(1) and 6654 of $4,345 and $694.58, respectively, with respect to petitioner's 2001 taxable year. The notice of deficiency specifies that the adjustments to petitioner's taxable income are attributable to petitioner's failure to file a 2001 tax return[2] reporting various items of income including nonemployee compensation paid by "Accumen Realty Inc." and "Royal Foridian [sic] by Spinnaker LLC", and interest paid by First Union National Bank. These items of income were reported to respondent on Forms 1099 or other information returns submitted by the payors.

When she filed the petition in this case, petitioner resided in Florida. Petitioner, acting without counsel, requested a date and time certain for the trial, and the Court granted her request. At the appointed time and place for trial, however, petitioner failed to appear. Instead, counsel retained by petitioner appeared on her behalf. Upon questioning, petitioner's counsel represented that he had no witnesses to call or other evidence to present and, indeed, lacked even authority

---

[1](...continued)
Practice and Procedure.

[2] The record demonstrates that petitioner has failed to file returns since 1993.

to execute a stipulation of facts on petitioner's behalf for purposes of trial.[3]

Respondent thereupon moved to dismiss the case for lack of prosecution and to impose a penalty pursuant to section 6673. The Court conducted an evidentiary hearing at which respondent called a witness to provide testimony and to authenticate documents to be received as evidence. Respondent's witness, Mr. Richard Meadows, former project director and custodian of bookkeeping and payroll records for Royal Floridian by Spinnaker, L.L.C., testified that petitioner was hired by Royal Floridian in early 2000 as a licensed real estate agent to sell time-shares in the Royal Floridian Resort. As project director for Royal Floridian in 2001, Mr. Meadows prepared and filed an information return reporting that petitioner was paid $56,718.99 in commission income by Royal Floridian in 2001.

Shortly after the evidentiary hearing, petitioner's counsel's motion to withdraw as counsel was granted. Pursuant to the Court's order, respondent filed a written motion to dismiss for lack of prosecution and to impose a penalty pursuant to section 6673 as a substitute for his earlier oral motion. Petitioner was afforded an opportunity to respond to the motion and did so.

---

[3] Petitioner subsequently executed a stipulation of facts, which comprises part of the evidentiary record in this case.

## Discussion

### Validity of the Notice of Deficiency

At the evidentiary hearing, petitioner's counsel suggested that the notice of deficiency was unsupported by any "ligaments of fact" connecting petitioner to the income determined to have been received by her. In a similar vein, petitioner's response to respondent's motion to dismiss cites Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), and Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68, which hold that a deficiency determination that is unsupported by some evidentiary foundation linking the taxpayer to the alleged income-producing activity is arbitrary and erroneous. The Court of Appeals for the Eleventh Circuit, to which an appeal in this case would ordinarily lie, adheres to this doctrine, including the principle that the evidentiary foundation need only be "minimal". Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636.

In the notice of deficiency, respondent determined that petitioner had unreported nonemployee compensation from Royal Floridian and Accumen Realty. Petitioner failed to file a return for 2001, and she has not submitted any other sworn statement denying receipt of the alleged income. In fact, petitioner averred in her petition that she is entitled to "personal and

business deductions" (emphasis added) for 2001, which constitutes an admission that she was engaged in income-producing activities for that year. In light of petitioner's admission and her failure to deny receipt of the alleged income in 2001, it is doubtful respondent has an evidentiary burden. See Parker v. Commissioner, 117 F.3d 785, 786-787 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459.

Even if respondent had a burden, he has adduced evidence linking petitioner to the income alleged in the notice. Mr. Meadows's uncontradicted testimony was that petitioner provided real estate sales services to Royal Floridian by Spinnaker, LLC, during 2001 in connection with the marketing of time-shares, and was compensated by Royal Floridian on a commission basis (in the amount determined in the notice). We are likewise satisfied that a minimal evidentiary foundation has been laid with respect to the alleged income from Accumen Realty Inc., since respondent's evidence links petitioner to income-producing activity as a real estate agent in 2001. We accordingly reject petitioner's challenge to the notice of deficiency.

Respondent's Motion To Dismiss

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute her case, failure to comply with the Rules of this Court or any order of the Court, or for any cause which the Court deems

sufficient.  Rule 123(b); <u>Edelson v. Commissioner</u>, 829 F.2d 828, 831 (9th Cir. 1987), affg. T.C. Memo. 1986-223; <u>McCoy v. Commissioner</u>, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981).  In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial or does not otherwise participate in the resolution of her claim.  Rule 149(a); <u>Brooks v. Commissioner</u>, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

By failing to appear for trial, and instead sending counsel to represent her without any evidence to present or any authority to execute a stipulation on her behalf, petitioner has failed to prosecute her case properly.  Such actions would be sufficient to warrant dismissal without trial.  In addition, however, petitioner refused to cooperate in preparing the case for trial.  Correspondence in the record demonstrates that petitioner rebuffed respondent's pretrial requests for information.  Petitioner failed to comply with the Court's standing pretrial order by failing to file a pretrial memorandum and by failing, prior to trial, to stipulate to all matters about which there should not be reasonable dispute.  Finally, respondent asserts in his motion, and petitioner has not disputed, that petitioner

ignored respondent's attempts to establish contact to prepare for trial.[4]

All of the material allegations set forth in the petition in support of the assignments of error have been denied in respondent's answer. Petitioner has not claimed entitlement to a shift in the burden of proof under section 7491(a); she would in any event not be eligible for the benefits of that section in light of her failure to cooperate with reasonable requests of respondent for information and other matters respecting this case. See sec. 7491(a)(2)(B). Accordingly, the burden of proof rests with petitioner concerning the deficiency in her income tax as determined in the notice of deficiency, and petitioner has adduced no evidence in support of the assignments of error raised in the petition.

Additions to Tax

Respondent determined additions to tax under sections 6651(a)(1) and 6654. Although petitioner has offered no substantive evidence in this case, under section 7491(c) respondent generally bears the burden of production to show that imposition of the additions is appropriate. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

---

[4] We also note that repeated efforts by the Court to contact petitioner prior to trial were unsuccessful.

With respect to the section 6651(a)(1) addition to tax for failure to file timely, we find that respondent has satisfied his burden of production. Respondent adduced a certified transcript of account for petitioner's 2001 taxable year, which shows that petitioner failed to file a return for that year. An information return, corroborated by Mr. Meadows's testimony, indicates petitioner received income of $56,718.99 in 2001, an amount that is sufficient to impose a return-filing obligation on petitioner. Sec. 6012. Petitioner has offered no evidence of reasonable cause or any other basis on which she would not be liable for the section 6651(a)(1) addition to tax. See Higbee v. Commissioner, supra.

Respondent has also met his burden of production with respect to the section 6654 addition to tax for failure to pay estimated taxes. Petitioner's income tax deficiency for 2001 is sufficient to obligate her to make estimated tax payments. A certified transcript of account for petitioner's 2000 taxable year indicates that she also failed to file a return in that year. The certified transcript of account for 2001 indicates that petitioner had no withholding, made no estimated tax payments, and had no other credits or payments for 2001. The foregoing is sufficient evidence to satisfy respondent's burden of production under section 7491(c) with respect to the section

6654 addition determined in this case.  See <u>Wheeler v.
Commissioner</u>, 127 T.C. 200, 211-212 (2006).

<u>Conclusion Regarding Deficiency Determinations</u>

On the basis of the foregoing, we conclude that respondent's
motion to dismiss should be granted, and that a decision
sustaining respondent's determinations of an income tax
deficiency and additions to tax for 2001 should be entered.

<u>Section 6673(a)(1) Penalty</u>

Section 6673(a)(1) authorizes the Court to award a penalty
not in excess of $25,000 when proceedings have been instituted or
maintained primarily for delay, or where the taxpayer's position
is frivolous or groundless.  See, e.g., <u>Coleman v. Commissioner</u>,
791 F.2d 68, 71 (7th Cir. 1986); <u>Kish v. Commissioner</u>, T.C. Memo.
1998-16; <u>Talmage v. Commissioner</u>, T.C. Memo. 1996-114, affd.
without published opinion 101 F.3d 695 (4th Cir. 1996).
Respondent has moved for imposition of such a penalty.

The nature of petitioner's conduct in this case strongly
suggests that she instituted this proceeding primarily for the
purpose of delay.  She presented no evidence to support her
general and vague allegations that she had no taxable income in
2001.  Her conduct in arranging with the Court for a date and
time certain for her trial and then failing to appear, sending
instead counsel with no evidence to proffer and no effective
authority to prosecute the case, was misleading and particularly

egregious in wasting both the Court's and respondent's time and resources.  Other positions advanced by petitioner were groundless, such as her claim that the notice of deficiency was invalid due to respondent's failure to prepare a return under section 6020(b), see <u>Geiselman v. United States</u>, 961 F.2d 1, 5 (1st Cir. 1992); <u>Schiff v. United States</u>, 919 F.2d 830, 831 (2d Cir. 1990); <u>Brenner v. Commissioner</u>, T.C. Memo. 2004-202, affd. 164 Fed. Appx. 848 (11th Cir. 2006), and her claim of a lack of an evidentiary foundation for respondent's income determination. Accordingly, we shall impose a penalty on petitioner under section 6673(a)(1) in the full amount sought by respondent; namely, $5,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.