T.C. Memo. 2014-24

UNITED STATES TAX COURT

VIRGINIA W. KELLY, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28949-12.

Filed January 30, 2014.

Virginia W. Kelly, pro se.

<u>Christopher R. Moran</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2009, the Internal Revenue Service (IRS or respondent) determined a deficiency of $2,470 and a section 6651(a)(1) addition to tax of $617.[1]  Before trial the parties

_____

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and

(continued...)

[*2] stipulated the adjustments giving rise to the deficiency. The sole issue for decision is whether petitioner is liable for the addition to tax for late filing of her 2009 return.

FINDINGS OF FACT

The parties filed a stipulation of facts and related exhibits that are incorporated by this reference. Petitioner resided in Maryland when she filed the petition. On April 15, 2010, petitioner timely filed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return. By submitting this application, petitioner received an extension of time until October 15, 2010, to file her return for 2009.

Petitioner was married during 2009 but elected to file separately. She prepared her 2009 return using TurboTax. The TurboTax cover sheet instructed her to mail her 2009 return to the IRS office in Kansas City, Missouri. According to the IRS transcript of petitioner's 2009 account, included in the stipulation of facts, the IRS did not receive petitioner's 2009 return until March 12, 2012.

At trial petitioner acknowledged that she had filed her 2007 and 2010 individual income tax returns late. During 2010-11 petitioner was corresponding

---

[1](...continued)
Procedure. All monetary amounts are rounded to the nearest dollar.

**[*3]** with IRS offices in various cities--including Philadelphia, Cincinnati, and Kansas City, Missouri--with respect to her tax liabilities. She was making periodic payments on account of multiple tax years. She acknowledged that some of these payments may have required mailing to the IRS Philadelphia office.

Petitioner testified that she filed her 2009 return on or before the October 15, 2010, due date. The only evidence she submitted of this filing was a U.S. Postal Service receipt showing that an unspecified document was delivered to the Department of the Treasury in Philadelphia, Pennsylvania. The delivery date stamped on this receipt, which was not entirely legible, appeared to be March 13, 2010.

Petitioner stated that she might be able to produce additional evidence of timely mailing if she had the opportunity to review a box of documents that had been packed for a household move. At the close of trial, the Court left the record open for 30 days to afford petitioner time to review her files and provide, to counsel for respondent and the Court, any additional evidence concerning the date on which her 2009 return was mailed. No additional evidence was submitted before the record closed.

**[\*4]**                                          OPINION

Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a return timely unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. For each month or fraction thereof for which such failure continues, section 6651(a)(1) adds 5% of the tax required to be shown on such return, up to a maximum addition of 25%. Respondent bears the burden of production for the late-filing addition to tax. See sec. 7491(c). Once respondent meets his burden of production, the burden shifts to petitioner to persuade the Court that the respondent's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

The due date for petitioner's 2009 return, as extended, was October 15, 2010. The IRS transcript of her account shows that this return was not filed until March 12, 2012. Respondent has therefore carried his burden of producing evidence that petitioner's 2009 return was filed late. See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Mills v. Commissioner, T.C. Memo. 2007-270, 94 T.C.M. (CCH) 274, 275 (2007).

Petitioner argues that no addition to tax is appropriate because she filed her return timely pursuant to the "timely mailed, timely filed" rule of section 7502(a).

[*5] Petitioner produced no credible evidence, however, that she mailed her 2009 return on or before its due date. The only evidence she produced was a U.S. Postal Service receipt showing that an unspecified document was delivered to the Department of the Treasury in Philadelphia, Pennsylvania, apparently on March 13, 2010. There is no evidence that the document so mailed was her 2009 tax return, and the record supports an inference to the contrary. First, the TurboTax cover sheet instructed petitioner to mail her 2009 return, not to the IRS Philadelphia office, but to the IRS Kansas City office. Second, petitioner requested, on April 15, 2010, an extension of time to file her 2009 return. It is implausible that she would have requested this extension if she had filed her 2009 return one month previously. Petitioner acknowledged that she was corresponding with the IRS Philadelphia office on other matters. Our review of the record convinces us that the document she claims to have mailed to the IRS Philadelphia office on March 13, 2010, was something other than her 2009 individual income tax return.

Finding no evidence that petitioner filed her 2009 return before the October 15, 2010, due date, and finding no evidence that her failure to file timely was due

**[\*6]** to reasonable cause, we sustain the addition to tax that respondent determined under section 6651(a)(1).  To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.