**Gerald M. MADISON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 84–3379**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 19, 1985.

Robert W. Merkle, U.S. Atty., Lynne L. England, Tampa, Fla., Michael L. Paup, Glenn L. Archer, Asst. Atty. Gen., Gary R. Allen, Patricia A. Willing, U.S. Dept. of Justice, Tax Div., Chief, Appellate Section, Washington, D.C., for defendant-appellee.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gerald Madison files a *pro se* petition for rehearing arguing that the federal government's tax collecting apparatus (the Department of Treasury, the Commissioner of Internal Revenue, the Internal Revenue Service, etc.) has no power or authority to impose any obligation upon him whatsoever. In doing so, he misidentifies this contention as going to the "jurisdiction" of this arm of the government to act over his person and this subject matter.

Having invoked the magic word of "jurisdiction," appellant proceeds into citations of cases outlining the considerations with which a court is faced when its jurisdiction is questioned. None of these cases are at all apposite, because appellant raises no questions as to the jurisdiction of the federal courts. Indeed, he invoked the jurisdiction of the courts by filing this lawsuit, under I.R.C. § 6073(c), for a refund of a penalty assessed against him for filing a frivolous return.

The assertion that the Treasury Department and Internal Revenue Service have no power over this appellant and this subject matter is frivolous. Congress has the power to lay and collect taxes, U.S. Const. art. I, § 8, cl. 1, and may "lay and collect taxes on income, from whatever source derived, without apportionment among the several states." U.S. Const. amend. XVI. The Treasury Department and Commissioner of Internal Revenue are charged with administering and enforcing the collection of taxes imposed by Congress. *See* I.R.C. §§ 7801, 7802.

This petition for rehearing is due to be denied without the above elaboration. However, in view of the fact that this contention appears to be often raised in litigation of this sort, it was thought best to lay it to rest in a published order, so that these types of arguments will not be frivolously asserted again.

The petition for rehearing is DENIED.