JOHN J. McCARTHY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCarthy v. Commissioner
Docket No. 33997-87
United States Tax Court
T.C. Memo 1989-479; 1989 Tax Ct. Memo LEXIS 479; 57 T.C.M. (CCH) 1569; T.C.M. (RIA) 89479; August 31, 1989
*479 P did not file a Federal income tax return for 1982. In determining a deficiency in P's 1982 income, R's examiner prepared a series of documents which R considers together to constitute a return under sec. 6020(b), I.R.C. 1954. R issued a statutory notice to P determining therein an income tax deficiency and additions to tax for 1982. P timely filed a petition and now, after an answer was filed, raises the issue of jurisdiction on the ground that a return defectively prepared under sec. 6020(b) invalidates the notice of deficiency. Held, R is not required to prepare or execute a return under sec. 6020(b) before determining a deficiency and the fact that he may have done so, correctly or incorrectly, will not invalidate an otherwise valid notice of deficiency. Roat v. Commissioner, 847 F.2d 1379 (9th Cir. 1988), affg. on this issue an Order of this Court. Laura Lee, for the petitioner. Elise Frost Alair, for the respondent. CANTREL
MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3) and Rule 180 et seq. [1] Before the Court for disposition is petitioner's Motion for Leave to Amend Petition, which will be deemed to have been filed as a Motion to Dismiss for Lack of Jurisdiction. *481 FINDINGS OF FACT John J. McCarthy, hereinafter petitioner, did not file a Federal income tax return for 1982. J. Ferretti, an Internal Revenue Service examiner, prepared a series of documents in the course of determining a deficiency in petitioner's income in 1982. These documents containing information relating to petitioner's income in 1982 are considered together by respondent to constitute a return under section 6020(b): (1) front page of a 1982 Form 1040, containing only petitioner's name, address, social security number, filing status, exemption, and dated received April 22, 1986; (2) Form 5226-C, Examination Adjustments Worksheet, filled in and dated September 23, 1986; (3) Form 4700, Examination Workpaper, filled in and dated April 22, 1986; (4) Form 885-F, Self-Employment Tax Adjustment, computer printout dated July 6, 1987; (5) Form 4700-A, Supplemental Worksheet, one page handwritten worksheet, and a computer generated report, all dated April 22, 1986; (6) computer transcript listing payor entities who filed information returns (Forms 1099-NEC) showing income paid to petitioner in 1982 from three sources, dated April 22, 1986; and (7) Form 2210, Underpayment *482 of Estimated Tax by Individuals 1982. On July 13, 1987, respondent issued his notice of deficiency notifying petitioner that respondent had determined a deficiency in petitioner's Federal income tax for 1982 and additions to the tax. Attached to the notice was a computer report listing the adjustments and an explanation of such. On October 16, 1987, petitioner timely filed a petition for redetermination of the 1982 deficiency alleging errors in respondent's determinations. OPINION At the hearing and on brief, petitioner contends that the notice of deficiency is invalid because the return prepared by respondent does not meet the requirements of section 6020(b), and consequently, that this Court lacks jurisdiction to redetermine the deficiency. Petitioner cites as his principal authority, Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). Respondent relies on Roat v. Commissioner, 847 F.2d 1379 (9th Cir. 1988), affg. on this issue an Order of this Court, in averring that compliance with section 6020(b) is not a jurisdictional prerequisite to the issuance of a valid notice of deficiency. We agree. *483 Respondent further argues that the return in this case was properly prepared pursuant to section 6020(b) and provided a sufficient basis upon which respondent made a valid determination of a deficiency. Section 6020(b)(1) gives the Secretary authority to execute returns for persons failing to file returns or filing fraudulent returns. The district director or some other authorized internal revenue officer or employee may make such return from his own knowledge or such information as he can obtain. Sec. 301.6020-1(b)(1), Proced. & Admin. Regs. Section 6211 defines a deficiency as the amount by which the tax imposed under the Code exceeds the amount shown as tax by the taxpayer upon his return. The latter amount shall be considered zero if no return is made. Sec. 301.6211-1(a), Proced. & Admin. Regs. The deficiency procedures set out in section 6211 do not require the Commissioner to prepare or execute a return on a taxpayer's behalf before determining a deficiency and issuing a valid statutory notice. The United States Court of Appeals for the Ninth Circuit affirmed this Court's denial of the taxpayers' motions to dismiss for lack of jurisdiction on this ground in Roat v. Commissioner, supra at 1381-1382. *484 There, taxpayers who failed to file returns challenged the validity of their deficiency notices asserting that under sections 6211 and 6020, the Commissioner must execute a return for them before determining a deficiency against them. The Court concluded that nothing in the language of either section suggests they should be read together. In fact, the Court found that tax policy calls for the statutes to be read independently. A taxpayer failing to file a return should not be insulated from the Commissioner's determination that a tax is due and owing. Roat v. Commissioner, supra at 1381-1382, citing Hartman v. Commissioner, 65 T.C. 542, 546 (1975). All that is required for a statutory notice of deficiency to be valid is that it "advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Commissioner, 88 F.2d 650, 651 (2d Cir. 1937), where venue on appeal of this case lies. We generally will not look behind a deficiency notice to examine respondent's procedure leading to his determination. Riland v. Commissioner, 79 T.C. 185, 201 (1982); *485 Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The notice need only specify the year and amount of deficiency. Benzvi v. Commissioner, 787 F.2d 1541, 1542 (11th Cir. 1986), cert. denied 479 U.S. 883 (1986); Campbell v. Commissioner, 90 T.C. 110, 115 (1988); Jarvis v. Commissioner, 78 T.C. 646, 655 (1982). The statutory notice of deficiency in this case specifies the amount of the deficiency and the additions to the tax determined by the Commissioner in petitioner's Federal income tax for 1982 and provides an explanation for all of the adjustments made. Furthermore, the documents listed above provide a thorough basis for respondent's determinations. This case is wholly distinguishable from Scar v. Commissioner, supra, which best fits in a line of cases addressing deficiency determinations on their merits. Roat v. Commissioner, supra at 1382. In Scar, taxpayers who had filed returns were issued statutory notices of deficiency determining amounts owing with respect to a tax shelter with which the taxpayers had no connection. The United *486 States Court of Appeals for the Ninth Circuit reversed this Court's denial of taxpayers' motion to dismiss for lack of jurisdiction. Although the Court recognized that no particular form is required for a valid notice of deficiency and that the Commissioner need not explain how the deficiencies were determined, it held that the Commissioner must determine a deficiency with respect to the particular taxpayer to whom the notice is issued. Scar v. Commissioner, 814 F.2d at 1367-1368. Petitioner has not alleged that the determinations contained in the notice of deficiency were not made with respect to him. Petitioner attacks the validity of the notice solely on the ground that a return was not executed by respondent's agent, J. Ferretti, in accordance with the requirements of section 6020(b). We need not decide whether the return comports with the technical provisions of section 6020(b). Considering that section 6211 need not be read in conjunction with section 6020(b), whether a return was correctly or incorrectly executed is irrelevant, as long as there is a basis for the determination of an income tax deficiency. We conclude that this Court has jurisdiction in *487 this case where the Commissioner determined a deficiency and issued a valid statutory notice with respect to petitioner's income tax liability for 1982. Petitioner's motion will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, section references are to sections of the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩