[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10283
Non-Argument Calendar

_____

D. C. Docket No. 07-00229-CV-FTM-34-DNF

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

ROBERT S. MORSE,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 30, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Robert S. Morse, a taxpayer proceeding <u>pro se</u>, appeals the district court's

grant of a petition to enforce an IRS summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). Morse contends that the district court erred in granting the government's petition to enforce an IRS summons to provide testimony and produce documents in order to assess his tax liability. The government responds that Morse's arguments are frivolous and seeks to impose sanctions on Morse.

## I.

Morse contends that the district court clearly erred by granting the government's petition to enforce an IRS summons. He argues that the IRS did not have a legitimate purpose in seeking the summons and that the IRS was without authority to seek to enforce the summons because the authority only extended to investigations where the taxpayer failed to file a tax return. "An order enforcing an IRS summons will not be reversed unless clearly erroneous." United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993).

Under the Sixteenth Amendment, "Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration." U.S. Const. Amend. XVI. The IRS is charged with administering and enforcing Congress' power to lay and collect taxes, including on income from whatever source derived. Madison v. United States, 758 F.2d 573, 574 (11th Cir. 1985).

2

The IRS is authorized to issue a summons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." 26 U.S.C. § 7602(a). A summons may be issued to take any testimony of the person concerned and to summon the person liable for the tax to produce books, papers, records, or other data that may be relevant to the inquiry. Id. § 7602(a)(2). No agency summons may be issued if there is a Justice Department referral in effect with respect to the person involved. Id. § 7602(d)(1).

In order to succeed in enforcing a summons, the IRS must show four elements: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57–58, 85 S. Ct. 248, 255 (1964). The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. Medlin, 986 F.2d at 466.

Once the showing required by Powell is made, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would

3

constitute an abuse of the court's process." La Mura v. United States, 765 F.2d 974, 979–80 (11th Cir. 1985). The taxpayer does not meet his burden by contesting the underlying validity of the assessment because the validity of the assessment may not be challenged in a summons enforcement proceeding. United States v. Harper, 662 F.2d 335, 336 (5th Cir. Unit B Nov. 1981).[1]

Revenue Officer C. Lewis stated in her declaration that: (1) she is investigating the collection of Morse's tax liabilities for the years 1996, 1997, and 1998, which is a proper purpose for issuing the summons, and that the summons material may be relevant to the investigation; (2) the summoned materials are not already in the possession of the IRS; (3) all administrative steps required for the issuance of the summons have been followed; and (4) no Justice Department referral is in effect for Morse. This declaration is sufficient to make out a prima facie case for enforcing the summons. See Powell, 379 U.S. at 57–58, 85 S. Ct. at 255; Medlin, 986 F.2d at 466. Morse's challenge to the underlying tax liability is not sufficient to rebut the government's prima facie case, see Harper, 662 F.2d at 336, so he has failed to establish that the petition should be denied. Accordingly, we affirm.

---

[1] This Court has held that decisions of Unit B of the former Fifth Circuit are binding precedent. See Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

**II.**

The government has moved for sanctions against Morse for maintaining a frivolous appeal, contending that the issues raised by Morse on appeal are frivolous and that he had been warned about raising them. Before the district court and again on appeal, Morse has contended that the IRS lacked authority to issue the summons on the ground that he is not a taxpayer and his income, which was derived from employment in the private sector, is not subject to federal taxation. In its amended order enforcing the summons, the district court warned Morse that his arguments that the IRS lacked power to issue a summons and to investigate him were "utterly without merit," and this Court has long held that this type of argument is frivolous, see Madison, 758 F.2d at 574 ("The assertion that the Treasury Department and Internal Revenue Service have no power over this appellant and this subject matter is frivolous. Congress has the power to lay and collect taxes and may 'lay and collect taxes on income, from whatever source derived, without apportionment among the several states.'" (citations omitted)).

Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. The government

separately filed a motion for sanctions, which gave Morse a full opportunity to respond. His response was simply to reassert his frivolous arguments. In Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985), we stated that "those who would litigate in this circuit are put on notice that they may be expected to have sanctions imposed against them if they continue to raise these sorts of frivolous contentions." Id. at 1084–85. While we are reluctant to impose sanctions on pro se litigants, Woods v. IRS, 3 F.3d 403, 404 (11th Cir. 1993), we have imposed sanctions on pro se litigants in certain situations, see King v. United States, 789 F.2d 883, 884 (11th Cir. 1986) (imposing sanctions on a pro se litigant who was warned that his claims were meritless); see also Bonfiglio v. Nugent, 986 F.2d 1391, 1394–94 (11th Cir. 1993) (imposing sanctions on a pro se litigant who was also an attorney); Pollard v. Comm'r, 816 F.2d 603, 605 (11th Cir. 1987) (imposing sanctions on a pro se litigant who had previously brought frivolous tax claims).

Because Morse's arguments are frivolous and he had been warned about raising them, we conclude that sanctions are appropriate. In order to determine the amount of sanctions, we direct the government to file within fourteen days of the date of this opinion a supplement to its motion setting forth its costs, the time records of its attorneys, and appropriate affidavits establishing reasonable hourly rates for those attorneys. Morse may file a response to this supplement within

6

seven days from the date he is served with the supplement.  We will issue a separate order setting the amount of the sanction.

**AFFIRMED; MOTION FOR SANCTIONS GRANTED.**