T.C. Memo. 2010-150

UNITED STATES TAX COURT

WILLIAM R. TINNERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21270-08L.               Filed July 13, 2010.

<u>Donald W. Wallis</u> and <u>Steven L. Zakrocki</u>, for petitioner.

<u>Randall L. Eager</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to
notices of determination concerning collection action sustaining
the filing of a Federal tax lien and a notice of intent to levy
with respect to civil penalties, additions to tax, and income tax
deficiencies due from petitioner for periods from 1996 to 2002.
Each of the amounts in dispute was the subject of prior

litigation and decisions against petitioner. The issues for decision are whether the notices of determination were an abuse of discretion and whether a penalty under section 6673 should be imposed against petitioner. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Florida at the time that he filed his petition.

The Internal Revenue Service (IRS) assessed frivolous return penalties against petitioner under section 6702 for 1996, 1997, and 1998. A final notice of intent to levy with respect to those penalties was sent to petitioner on December 19, 2003. Petitioner requested a collection due process (CDP) hearing under section 6330, and a notice of determination sustaining the proposed collection action was ultimately sent to petitioner. Petitioner filed a petition in this Court at docket No. 10187-04L challenging the notice of determination, but that case was dismissed for lack of jurisdiction on September 14, 2004.

On October 12, 2004, petitioner filed an appeal of the notice of determination regarding the section 6702 penalties with the U.S. District Court for the Middle District of Florida. On

May 11, 2005, the District Court case was dismissed with prejudice. On November 4, 2005, the District Court judgment was affirmed by the Court of Appeals for the Eleventh Circuit. Among other things, the Court of Appeals, in its unpublished per curiam opinion, explained that petitioner

> has not presented a single meritorious argument * * *.
> In fact, he only claimed he had not participated in any
> activity that would bring out tax liability, the
> Internal Revenue Code and Regulations did not apply to
> him, and he was not yet considered a taxpayer. He also
> refused to participate in the telephonic CDP hearing
> offered to him and failed to use the faxed
> correspondence with the appeals officer as an
> opportunity to raise meritorious challenges to his tax
> liability. He was provided an opportunity to be heard
> but did not take advantage of it. * * * [Tinnerman v.
> IRS, 156 Fed. Appx. 111, 112-113 (11th Cir. 2005).]

The Court of Appeals held that the District Court did not err in granting the IRS' motion for judgment on the pleadings.

Petitioner failed to file timely tax returns for 1999, 2000, 2001, and 2002. The IRS prepared a substitute for return under section 6020(b) for each year and determined in two statutory notices of deficiency (one for 1999, 2000, and 2001, and a separate one for 2002) deficiencies and additions to tax for petitioner's failure to file, failure to pay, and failure to pay estimated taxes for each year. Petitioner filed petitions in this Court in response to both notices of deficiency. The cases (the deficiency cases) were consolidated for trial and resulted in the opinion filed November 14, 2006, as Tinnerman v. Commissioner, T.C. Memo. 2006-250. As set forth in that opinion,

the Court concluded that petitioner received income passed through from his solely owned S corporation and was required to file returns for the years in issue, that his failures to file were fraudulent, that the additions to tax were appropriate, and that his frivolous arguments justified a penalty of $10,000 under section 6673. Decisions were entered in each case on November 21, 2006, and were not appealed. The income taxes, additions to tax, and penalties were assessed for 1999 through 2002.

On October 23, 2007, the IRS issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the amounts assessed for 1999 through 2002 pursuant to the decisions entered November 21, 2006. On November 6, 2007, the IRS issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 with respect to the income tax liabilities for 1999 through 2002, the section 6673 penalties imposed by this Court, and the section 6702 penalties for 1996 through 1998. Petitioner requested a hearing by a letter dated November 19, 2007, in which he denied that he was a taxpayer, denied that he was required to file any return, and denied that he was involved in any taxable activities (i.e., the same arguments characterized as meritless by the Court of Appeals in its November 4, 2005, opinion). Attached to his letter was a stack of documents, approximately 2-1/2 inches high, expounding on his frivolous contentions.

Petitioner's request for a hearing was acknowledged by the IRS Appeals team manager, and, on February 26, 2008, an Appeals settlement officer (the settlement officer) sent a letter to petitioner proposing to schedule a conference. On March 1, 2008, petitioner sent the settlement officer 177 pages of documents that he titled "The Federal Judiciary & Internal 'indirect' Federal Taxation" in which he expounded on his view, among other things, that income taxes did not apply to him, that he was not required to file tax returns, that this Court's jurisdiction did not apply to him, and that IRS procedures had not been followed with respect to assessment of the tax liabilities in issue. In several subsequent letters, petitioner declined either a face-to-face or telephone conference with the settlement officer, denied that there was any requirement to file a return or pay a tax, and asserted that the IRS records contained unspecified and unidentifiable "irregularities". Among other things, petitioner argued that despite the limitation on arguments concerning the underlying tax liabilities when a taxpayer has received a notice of deficiency under section 6330(c)(2)(B), he was entitled to challenge: "the character of the liability assessed"; the validity of the notice of deficiency; and the method of assessment of the taxes in dispute. Petitioner failed to offer any collection alternatives or to present any financial information upon which collection

alternatives could be considered.  During the exchange of correspondence, and as the parties have stipulated, petitioner raised no legitimate issues.

On July 31, 2008, two Notices of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 were sent to petitioner sustaining the lien filing and the proposed levy.  The notices set out a determination that the requirements of law and administrative procedure had been met and explained that the need for efficient collection justified the intrusiveness of the collection action.  The notices further explained that petitioner had declined a telephone hearing and chosen a correspondence hearing; petitioner had presented only frivolous or groundless issues; petitioner had not complied with his filing obligations; and petitioner had failed to provide financial information or collection alternatives.

In the petition, petitioner asserted "Procedural Due Process Violations involving nonfiled returns", including failure to specify certain forms used in assessment and in recording of the lien.  He stated the facts upon which he relied as follows:

> (c) When **no** return is filed, *without* IRM reporting requirements consistent with IRM provisions in 3.21.3.2 thru 2.9 (01-01-2008) and subsequent SB/SE "instructions" to prepare a Substitute for Return (SFR) applicable to the property distribution at issue, **no jurisdiction** over the "presumed" underlying tax liability exists.  Statutory and constitutional provisions prohibit it.

Although petitioner initially requested Birmingham, Alabama, as the place of trial, he moved to change the place of trial to Columbia, South Carolina, asserting that counsel in Greenville, South Carolina, had agreed to represent him but only if the place of trial was Columbia. Thereafter, however, counsel located in St. Augustine, Florida, entered their appearances. The case was set for trial in Columbia on March 1, 2010. On February 18, 2010, respondent filed a motion for summary judgment and to impose a penalty under section 6673 and a motion to permit levy. The parties thereafter executed the stipulation and agreed to submit the case fully stipulated. The motion for summary judgment and the motion to permit levy were denied as untimely because the case would not be resolved any sooner than it would be if decided on the stipulation. Insofar as respondent's motion seeks a penalty under section 6673, it remains pending. After the briefs were filed, respondent filed a motion seeking a penalty against petitioner's counsel under section 6673(a)(2).

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. Sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec.

6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter. The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). Similarly, before proceeding with a levy, the IRS must issue a final notice of intent to levy and notify the taxpayer of the right to an administrative hearing. Sec. 6330(a) and (b)(1). At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A). Following the hearing the Appeals Office must make a determination whether the lien filing was appropriate and is required to consider: (1) Whether the Secretary has met the requirements of applicable law and administrative procedure; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Where a taxpayer's underlying tax liability is not in dispute, the Court reviews the IRS' determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). To establish an abuse of discretion, the taxpayer must show that the decision

complained of is arbitrary, capricious, or without sound basis in fact or law. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007) (citing <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999)); see <u>Keller v. Commissioner</u>, T.C. Memo. 2006-166, affd. 568 F.3d 710 (9th Cir. 2009). In reviewing for abuse of discretion, we generally consider only the arguments, issues, and other matters that were raised at the CDP hearing or otherwise brought to the attention of the IRS Appeals Office. <u>Giamelli v. Commissioner</u>, <u>supra</u> at 115; <u>Magana v. Commissioner</u>, 118 T.C. 488, 493 (2002).

In his pretrial memorandum, petitioner described the "issues on the merits" as follows:

> 1. Whether this Court should impose a penalty under I.R.C. section 6673.

> 2. Whether the Appeals Settlement Officer in the Hearing below abused his discretion by failing to follow the requirement imposed by I.R.C. section 6330(c)(3)(B) that he consider all of the relevant issues relating to the unpaid tax or the proposed levy that were raised by Petitioner at the Hearing below.

> 3. The validity -- not the existence, not the amount, but rather the validity -- of the underlying tax liability, which is at issue as a result of Respondent's failure to follow, in his endeavor to assess that liability, all material, relevant and applicable rules and regulations that govern the assessment process.

We agree that the first item is an issue here. With respect to the second, we can find no abuse of discretion in the settlement officer's not addressing petitioner's arguments when the parties have stipulated that petitioner raised no legitimate issues

during the hearing.  Even without that stipulation, we would reach the same conclusion.

The third item identified in petitioner's pretrial memorandum and subsequently briefed at great length by petitioner is merely a rephrasing of an argument made by petitioner during his correspondence hearing.  Thus, it is also an argument described in the stipulation as not legitimate.  The argument is obviously intended to avoid the provision in section 6330(c)(2)(B) that a taxpayer may raise at the hearing "challenges to the existence or amount of the underlying tax liability * * * if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  On analysis, however, petitioner's arguments are no more than recycled versions of his contentions that he is not a taxpayer and has no liability to file Federal income tax returns.

By way of example, petitioner's brief sets out his premises as follows:

> The case stems from I.R.C. section 1368(b) distributions to Petitioner of earnings and profits for which Petitioner did not file an individual income tax return.  Pursuant to I.R.C. section 1363(b) and (c), the distributing corporation determined that the I.R.C. section 1366(a) and (b) character and source of the separately stated Form 8825 property was neither "national" (federal) nor "alien" (foreign) income.  Based on that determination and on Petitioner's non-excise, individual circumstance (i.e. Petitioner acquired citizenship without legislative act, and Petitioner was domiciled within one of the 50 United

States), the corporation classified the distribution for federal income tax purposes as items of exempt income subject to the expense provisions of I.R.C. section 1.265-1. Pursuant to I.R.C. section 6037(a) and (c)(4), the corporation issued to Petitioner a Form K-1 identifying the distribution as just described. Respondent never has challenged the corporation's statutory requirement to make a corporate level determination of the distribution's exempt status, nor has Respondent ever challenged the accuracy of the information that the corporation reported on the Form K-1.

An examiner in Respondent's SB/SE Division notified Petitioner that an information return had reported a distribution to Petitioner for the periods at issue and that Petitioner was required to file a return that reported Petitioner's receipt of the distribution. Petitioner disagreed on the grounds that the distribution was not subject to reporting, and he refused to execute the I.R.C. section 6020(a) Substitute for Return ("SER") that was prepared by SB/SE for each period. SB/SE determined a deficiency in tax, and, by its apparent authority under I.R.C. section 6212, it notified Petitioner of the same. Respondent then issued a Notice of Deficiency.

From that point, petitioner's argument is that the section 6020 provisions do not apply to his income as he characterizes it and that procedures set out in the Internal Revenue Manual were not followed. He then argues that because the notices of deficiency were invalid, his petitions in the deficiency cases were invalid, and the Court lacked jurisdiction to enter the decisions sustaining the deficiencies, additions to tax, and penalties. In addition to seeking removal of the lien, he concludes:

Furthermore, the Court must withdraw and vacate all Opinions, Orders and Decisions previously issued by this Court against Petitioner for all periods at issue, including I.R.C. section 6702 penalties for periods 1996-1998 involving identical circumstances. None of

> the filed Form 1040X amended returns for those years can be "frivolous" since there is no requirement that a return be filed at all.  Therefore, Respondent should be ordered to refund the amounts shown due on those returns.

He ignores the fact that the section 6702 penalties were sustained by the District Court and the Court of Appeals for the Eleventh Circuit, after this Court ruled that it lacked jurisdiction over them.

Petitioner misstates the substance of this Court's opinion in the deficiency cases, which concluded that petitioner had taxable income passed through from his solely owned corporation and was required to file returns for the years in issue.  His central premise is that the distributions from the corporation were not properly the subject of substitutes for returns.  Neither a return nor a substitute for return is a prerequisite to a notice of deficiency, however.  See Schiff v. United States, 919 F.2d 830, 832-833 (2d Cir. 1990); Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988); Hartman v. Commissioner, 65 T.C. 542, 546 (1975); see also Brenner v. Commissioner, T.C. Memo. 2004-202, affd. 164 Fed. Appx. 848, 850 (11th Cir. 2006); McDonald v. Commissioner, T.C. Memo. 1992-586; McCarthy v. Commissioner, T.C. Memo. 1989-479.  The existence or absence of a substitute for return under section 6020 is thus irrelevant to the validity of the statutory notice.  (It is only relevant to additions to tax under section 6651(a)(2), as discussed in

Tinnerman v. Commissioner, T.C. Memo. 2006-250 (citing Cabirac v. Commissioner, 120 T.C. 163, 170 (2003)).  See Wheeler v. Commissioner, 127 T.C. 200, 209-210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).)  To the extent that all of petitioner's arguments depend on the claimed invalidity of substitutes for returns prepared under section 6020(b), they all fail to affect the propriety of the lien or the proposed levy.

Whether or not petitioner's current untenable arguments were made or addressed in the prior case, they relate to the existence of the underlying liabilities, and his current attempt to recharacterize them as relating to the "validity" of the liabilities is fallacious.  His repetitious claims were not issues that could be raised during the section 6330 hearing.  See sec. 6330(c)(2)(B).  The settlement officer was correct in his response and did not abuse his discretion in refusing to address petitioner's arguments.  We decline to address them further here. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).  To do so would be to indulge petitioner's dilatory tactics.  As discussed below, persisting in frivolous arguments for purposes of delay is a basis for sanctions against a party and/or counsel to a party.

The settlement officer satisfied his obligation under section 6330 with respect to verification that the requirements of any applicable law or administrative procedure have been met.

See Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008).  That obligation does not involve providing any particular form to the taxpayer and is generally satisfied by reliance on a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, absent a showing of irregularity in the assessment. Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003).

Although petitioner claims that the Forms 4340 in this case contained irregularities, his arguments are simply a refrain of the claim that all of the actions taken by the IRS are invalid because he had no obligation to file tax returns.  The parties have stipulated to transcripts reflecting assessments of the underlying liabilities, and petitioner has not identified any credible irregularity or deficiency in the assessment procedures or in the lien or levy procedures.

Petitioner has concocted multiple theories, based in part on the Internal Revenue Manual, to support his premise that the determination of tax liability on his income has not been and cannot be accomplished.  In other words, he would draw a "conjurer's circle" around his tax liability.  See United States v. Sullivan, 274 U.S. 259, 264 (1927).  The Internal Revenue Manual, however, does not have the force of law and is not binding against respondent in litigation; it does not confer any rights on the taxpayer.  See, e.g., Fargo v. Commissioner, 447

F.3d 706, 713 (9th Cir. 2006), affg. T.C. Memo. 2004-13; Carlson v. United States, 126 F.3d 915, 922 (7th Cir. 1997); Tavano v. Commissioner, 986 F.2d 1389, 1390 (11th Cir. 1993), affg. T.C. Memo. 1991-237; Barnes v. Commissioner, 130 T.C. 248, 255-256 (2008).

Moreover, petitioner's arguments take items out of context and assert that use of a particular form for one purpose means that it can be used only for that purpose, to the exclusion of others. Such interpretative arguments have been consistently rejected and referred to by terms such as "inane" and "preposterous". United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985); see also United States v. Morse, 532 F.3d 1130, 1132-1133 (11th Cir. 2008); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987) (per curiam) (interpreting "include" as a term of limitation is "utterly without merit"); United States v. Rice, 659 F.2d 524, 528 (5th Cir. 1981) (describing the defendant's argument as a "frivolous non-sequitur").

Challenges to the authority of the IRS to enforce the tax laws have been consistently rejected for decades, and frivolous arguments have been the basis for sanctions by all courts that have reviewed them. See, e.g., United States v. Morse, supra at 1132-1133; Madison v. United States, 758 F.2d 573, 574 (11th Cir. 1985). Petitioner's contentions are merely stale and recycled versions of unsuccessful arguments that he has made since 1996.

As the Court of Appeals for the Tenth Circuit described the situation in <u>Lonsdale v. United States</u>, 919 F.2d 1440, 1448 (10th Cir. 1990), "We are confronted here with taxpayers who simply refuse to accept the judgments of the courts." In this collection context, there is an unavoidable inference that his purpose was primarily for delay. See <u>Roberts v. Commissioner</u>, 329 F.3d at 1229. His conduct is precisely the type to which section 6673 applies. A penalty will be awarded to the United States in the amount of $25,000.

The attention of petitioner's counsel is directed to Rule 3.1 of the Model Rules of Professional Conduct of the American Bar Association (Model Rule 3.1), applicable here under Rule 201(a), and to section 6673(a)(2). See <u>Takaba v. Commissioner</u>, 119 T.C. 285, 296-305 (2002); <u>Nis Family Trust v. Commissioner</u>, 115 T.C. 523, 547-553 (2000); see also <u>Powell v. Commissioner</u>, T.C. Memo. 2009-174; <u>Edwards v. Commissioner</u>, T.C. Memo. 2003-149, affd. 119 Fed. Appx. 293 (D.C. Cir. 2005). We recognize that counsel cooperated in presenting this case on the stipulation, but the filings in responses to motions and in briefs demonstrate reckless disregard of the facts and the settled law and contentions so lacking in merit as to be frivolous, dilatory, and subject to sanctions. See, e.g, <u>United States v. Patridge</u>, 507 F.3d 1092, 1095-1097 (7th Cir. 2007) (counsel was sanctioned in part for arguing that a collection

hearing could be used to contest previously determined substantive liabilities); <u>Johnson v. Commissioner</u>, 116 T.C. 111 (2001), affd. 289 F.3d 452, 456-457 (7th Cir. 2002); see also <u>United States v. Collins</u>, 920 F.2d 619, 624-628 (10th Cir. 1990); <u>United States v. Nelson (In re Becraft</u>), 885 F.2d 547, 548 (9th Cir. 1989) (sanctions were imposed on counsel in criminal cases, notwithstanding greater leeway generally allowed under Model Rule 3.1); <u>Charczuk v. Commissioner</u>, 771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433.  We will deny respondent's motion for a penalty against counsel under section 6673(a)(2).  However, we issue this warning for the future to present counsel and to those similarly situated.

For the reasons explained above,

<u>A decision sustaining the notices of determination will be entered</u>.