[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12086
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00212-MP-AK

STEVEN MARTINS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 23, 2010)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

This is a income tax-refund action brought under 28 U.S.C. § 1346(a)(1),

I.R.C. § 7422(a). The taxpayer, Steven Martins, proceeding pro se, seeks refunds

for the years 2003, 2005, 2006, and 2007 totaling $38,527.  The Government

moved to dismiss his amended complaint with respect to years 2005 and 2006 for

lack of jurisdiction and, alternatively, for failure to state a claim or for summary

judgment.  Martins responded with a cross- motion for summary judgment.  While

the motions were pending, Martins moved the court for leave to file a second

amended complaint.  The court, in an order entered on March 2, 2010, then denied

Martins's cross-motion for summary judgment, dismissed the refund claims for

2005 and 2006 for lack of jurisdiction, and granted the Government summary

judgment on the remaining claims.

Martins now appeals the court's judgment in favor of the Government.  He

argues that summary judgment was improper because, in his relationship with the

United Postal Service ("UPS"), he was not an "employee" and UPS is not a "trade

or business," in order to make his renumeration from UPS taxable under the

Internal Revenue Code ("IRC").  He also argues that the district court should have

granted his motion to file a second amended complaint because he raised no new

facts or theories of recovery.

I.

Summary judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Sixteenth Amendment to the U.S. Constitution provides, in part, that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived[.]" U.S. Const. amend. XVI; *Madison v. United States*, 758 F.2d 573, 574 (11th Cir. 1985). The IRC imposes a tax on the taxable income of every individual who is a citizen or resident of the United States, with some exceptions not applicable to Martins. *See* I.R.C. § 1(a)-(d). Taxable income includes, but is not limited to, "[c]ompensation for labor or personal services performed in the United States." I.R.C. § 861(a)(3), (b).

Taxpayer arguments that we have previously described as "frivolous" include:

> that their wages are not income subject to tax but are a tax on property such as their labor; that only public servants are subject to tax liability; that withholding of tax from wages is a direct tax on the source of income without apportionment in violation of the Sixteenth Amendment; that withholding taxes violates equal protection; [and] that they should be allowed to exclude from the amount of wages that they receive the cost of maintaining their well-being.

*Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (*per curiam*). More generally, we have long held as frivolous taxpayer claims that income "derived from employment in the private sector[] is not subject to federal taxation." *United*

3

*States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (*per curiam*).

Martins's complaint alleged that the compensation that he received for his services from UPS is non-taxable, based on a narrow reading of the statutory language in the IRC and because he worked for a private sector corporation. These arguments are frivolous. *See Morse*, 532 F.3d at 1132-33; *Motes*, 785 F.2d at 928; I.R.C. § 7701(c). Because there was no dispute as to a genuine issue of material fact and because Martins's legal arguments are frivolous, the district court did not err in granting the Government's motion for summary judgment.

## II.

We review a district court's denial of a motion to file an amended complaint for abuse of discretion. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262 (11th Cir. 2004). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Id*. (internal quotations and citations omitted). Conversely, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the amended complaint would nonetheless be subject to dismissal. *Id*. at 1262-63.

Here, the district court did not abuse its discretion in denying Martins's request to file a second amended complaint. The proposed second amended

complaint relied upon the same facts and legal arguments as his first amended complaint, which as explained above, were frivolous.  Because Martins's amendment would have been futile, the district court properly denied his request to amend.

AFFIRMED.