[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13220
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00035-SPM-AK

STEVEN MARTINS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 24, 2011)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Martins appeals pro se the district court's sua sponte dismissal of his

tax refund action brought pursuant to 26 U.S.C. §§ 6402(a) & 7422. In his complaint,

Martins asserted that he was entitled to a full refund of all federal taxes paid through withholding, as the pay he received from his employment at United Parcel Service ("UPS") in Gainesville, Florida did not qualify as taxable wages within the meaning of certain provisions in the Internal Revenue Code ("IRC"). The district court sua sponte dismissed the action as frivolous. Martins asserts on appeal that the district court erred in determining his claim for a tax refund was frivolous, because it did not address his novel arguments concerning the meaning of certain provisions in the IRC. After thorough review, we affirm.

We review a district court's sua sponte dismissal of a claim de novo. See American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057, 1070 (11th Cir. 2007). However, a determination of frivolity is reviewed for abuse of discretion. See Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1179 (11th Cir. 2005).

We have long held as frivolous claims that income "derived from employment in the private sector[] is not subject to federal taxation." United States v. Morse, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (per curiam); see Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986) (rejecting argument that "only public servants are subject to tax liability").

Here, the district court correctly determined that Martins' claims were frivolous. Martins does not dispute that he received money from UPS in exchange

for his services as a driver during the tax years in question, nor does he dispute the government's calculation regarding the amount of money he received. He argues only that the money that he received for his services is non-taxable, based on a narrow reading of the statutory language in the IRC and because he worked for a private sector corporation. These arguments are frivolous. See Morse, 532 F.3d at 1132-33; see also Motes, 785 F.2d at 928. Accordingly, we affirm the district court's summary dismissal of Martins' action for a tax refund.

**AFFIRMED.**