[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11573
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-04345-ELR

ROBERT L. WATKINS,

Plaintiff - Appellant,

versus

CAPITAL CITY BANK & GUARANTY,
As a defendant as it had
merged with FMB,
EDWARD J. TARVER,
successor in interest to Farmers and
Merchants Bank,
GOODMAN, MCGUFFEY, LLP,
ROBERT LUSKIN,
KEVIN C. PATRICK,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 15, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Robert Watkins appeals *pro se* the dismissal with prejudice of his complaint against and the award of attorneys' fees and costs to his former attorney, Edward J. Tarver, Capital City Bank & Guaranty, and its counsel, Goodman McGuffey, LLP, Robert Luskin, and Kevin C. Patrick. We affirm.

Watkins abandoned any challenge he could have made to the dismissal of his complaint and to the order awarding the defendants their attorneys' fees and costs. Despite obtaining four extensions of time from this Court and an opportunity to correct his deficient brief, Watkins chose to relabel his complaint as his initial brief. Watkins does not dispute that his claims against all the defendants were untimely, *see* O.C.G.A. § 9-3-33, and barred by res judicata. He also does not dispute that the defendants were entitled to the expenses they incurred to defend against a complaint he filed after two federal judges warned him that "continuing the[] pursuit of frivolous litigation may result in sanctions, injunction, and/or other appropriate relief." "[W]e read briefs filed by *pro se* litigants liberally," but Watkins has abandoned his opportunity to contest the dismissal of his complaint or the award of sanctions against him. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The defendants jointly request that we sanction Watkins for pursuing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 38 states, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or

notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *Id.* The defendants argue that Watkins has badgered them for almost two decades, this appeal constitutes the sixth time he has forced them to respond to "the same claims" in this Court, and this appeal "is without legal merit and presented to further harass [them] and needlessly increase the costs of litigation." Watkins has not responded to the motion. Rule 38 exists "to assess just damages in order to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment." *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 7 (1987). Watkins's serial litigation warrants an award to the defendants for their expenses in defending this appeal. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (sanctioning *pro se* litigant). We order Watkins to pay double the costs the defendants have incurred in this appeal and remand with instructions for the district court to calculate reasonable attorneys' fees and to assess those fees and double costs against Watkins.

We **AFFIRM** the dismissal of Watkins's complaint and the award for the defendants' expenses in the district court, we **AWARD SANCTIONS** of double costs and attorneys' fees to the defendants under Rule 38 for this appeal, and we **REMAND** for the district court to assess reasonable attorneys' fees and double costs for the defense of this appeal.