[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13341
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01952-JDW-TGW


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON W. BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 15, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Jason W. Bennett, proceeding pro se, appeals the district court's grant of summary judgment in favor of the government in a suit to collect Bennett's unpaid federal income tax liability. Bennett argues that the district court erred in granting summary judgment because he was not engaged in any occupation subject to federal taxation during the relevant tax years.

We review a grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R .Civ. P. 56(a); *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1318 (11th Cir. 2011). While we liberally construe pro se briefs, "issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Bennett concedes he held private-sector jobs in Florida and received earnings from them during the tax years at issue. He argues, however, that his earnings are not subject to federal income taxation because (1) he was not employed to perform services for the United States and earned income only from private-sector employers, and (2) the federal tax code's definition of "United States" includes only the District of Columbia, Puerto Rico, the Virgin Islands,

2

Guam, and American Samoa.

Bennett's arguments fail. We have long held that income derived from employment in the private sector is subject to federal income taxation. *United States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (rejecting argument that income is not subject to federal taxation when "derived from employment in the private sector" as "utterly without merit" and "frivolous"); *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (rejecting argument "that only public servants are subject to tax liability"). We have similarly ruled that the tax code does not limit the definition of the "United States" to include only its capital, federal enclaves, and territories. *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987). Accordingly, the district court's grant of summary judgment is

**AFFIRMED.**