[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11586
Non-Argument Calendar

_____

Agency No. 14506-10

DAVID ROY CALLIHAN,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court

_____

(September 25, 2012)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

David Roy Callihan, proceeding pro se, appeals the Tax Court's decision to

sustain the Internal Revenue Service's ("IRS") determination of his income tax deficiency.  Callihan concedes that in tax year 2007, he resided in Florida and that he worked for the School District of DeSoto County in exchange for $37,640, as well as the Sarasota Family YMCA, Inc. in exchange for $616.  He insists, however, that none of his work constituted "employment" within the meaning of section 3121(b) of the Internal Revenue Code (IRC), 26 U.S.C. § 3121(b), and thus, the money he received in compensation for the services he rendered is not taxable.

Callihan acknowledges that section 3121(b) defines "employment" as "any service . . . performed . . . by an employee . . . within the United States."  Id.  But he notes that the section defines the term "State[s]" as "includ[ing] the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa," id. § 3121(e)(1), and that the term "United States" is similarly defined as "includ[ing]" some of these territories, id. § 3121(e)(2).  According to Callihan, because these definitions do not specifically mention the fifty states, the work that he did in Florida did not constitute "employment" under section 3121(b).

The Tax Court rejected this argument as "thoroughly discredited and frivolous," and we are compelled to agree.  Our precedent makes it abundantly

2

clear that the term "United States" in the IRC is not limited to the District of Columbia and the territories and possessions of the United States.  See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987) (rejecting the argument as "utterly without merit"); see also United States v. Bennett, 448 F. App'x 991, 992 (11th Cir. 2011); United States v. Morgan, 419 F. App'x 958, 959 (11th Cir. 2011).  The Tax Court thus correctly dismissed Callihan's assertion that Florida is not part of the "United States," and its judgment must therefore be affirmed.[1]

**AFFIRMED.**

---

[1] The IRS's tax deficiency determination also rested in part on Callihan's receipt of a $475 grant from the State of Florida in 2007.  Although Callihan appears to challenge the Tax Court's conclusion that this was taxable, the only argument he makes here concerns the scope of the term "United States" in the definition of "employment."  We therefore understand Callihan's argument to be that the grant was not taxable because he received it in Florida.  This suggestion also fails for the reason stated above.