T.C. Summary Opinion 2016-58

UNITED STATES TAX COURT

CHRIS ROBERT KLEIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26518-14S.                          Filed September 19, 2016.

Chris Robert Klein, pro se.

Timothy J. Driscoll, for respondent.

SUMMARY OPINION

WHALEN, Judge: This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Hereinafter, all section references are to the Internal Revenue Code (Code), as

amended and in effect for 2011, the taxable year in issue, unless stated otherwise, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,419 in petitioner's 2011 Federal income tax, together with additions to tax of $769.28 and $393.19 under section 6651(a)(1) and (2), respectively. After a concession by respondent, described below, the issues for decision are: (1) whether petitioner is liable for the deficiency; (2) whether petitioner is liable for the additions to tax under section 6651(a)(1) and (2); and (3) whether the Court should grant the oral motion of respondent's attorney to impose a penalty under section 6673 on petitioner for instituting these proceedings primarily for delay or for asserting frivolous or groundless positions.

## Background

Some of the facts have been stipulated by the parties, and the stipulation of facts filed by the parties, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner resided in Easley, South Carolina, when he filed his petition in this case.

In July 2009 petitioner was hired by Digital Technology Products Sales and Service, LLC (Digital), to work as an administrative assistant. Initially, petitioner submitted to the company a Form W-4, Employee's Withholding Allowance

Certificate, on which he claimed two withholding allowances, for purposes of computing his Federal income tax withholding. Shortly after that, petitioner submitted a revised Form W-4 on which he claimed to be exempt from Federal income tax withholding.

During 2011 Digital paid $33,100 to petitioner as compensation for his services. Digital withheld no Federal income tax from petitioner's compensation for the year. Petitioner did not file a Federal income tax return for taxable year 2011.

On March 10, 2014, respondent made a return on petitioner's behalf, under the provisions of section 6020(b), referred to herein as a substitute for return or an SFR.[1] The SFR included two items of unreported income, a State tax refund of $2,014 for a prior year, and petitioner's compensation from Digital of $33,100.

On August 11, 2014, respondent issued a notice of deficiency to petitioner for taxable year 2011. The adjustments determined in the notice of deficiency included the two items of unreported income that were included in the SFR, the State tax refund of $2,014, and petitioner's compensation of $33,100, reduced by

---

[1]Petitioner objected to the paragraph of the stipulation of facts that described the SFR, paragraph 3, and to the copy of the SFR that was attached to the stipulation, Exhibit 1-J, on the ground that the SFR had not been properly prepared and that the delegation order was invalid. The Court overruled petitioner's objections, and the SFR was taken into evidence.

the standard deduction of $5,800 and a personal exemption of $3,700. On the basis of those adjustments, totaling $25,614, the notice of deficiency computed a deficiency of $3,419 in petitioner's income tax for 2011. The notice of deficiency also determined petitioner's liability for additions to tax under section 6651(a)(1) and (2) of $769.28 and $393.19, respectively.

Respondent's pretrial memorandum makes the following concession: "Respondent is conceding the issue of income attributable to petitioner's prior year's state tax refund." At the conclusion of petitioner's testimony at trial, respondent's attorney made an oral motion for the Court to impose a penalty of $25,000 against petitioner under section 6673(a)(1).

## Discussion

## I. Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived, including (but not limited to) the following items: (1) compensation for services, including fees, commissions, fringe benefits, and similar items." See generally Cent. Ill. Pub. Serv. Co. v. United States, 435 U.S. 21 (1978); Commissioner v. Kowalski, 434 U.S. 77 (1977); United States v. Basye, 410 U.S. 441 (1973); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

Petitioner stipulates that during 2011 he was employed by Digital and was paid $33,100 during the year for his services to the company. Nevertheless, petitioner argues that he is not subject to income tax on the compensation he received from Digital and that he was not required to file an income tax return for 2011. In support of that position, petitioner relies on a series of vague, frivolous, and groundless arguments in his petition, in his testimony at trial, and in his pretrial memorandum.

In his petition, petitioner complained that respondent's agent had "not provided the statute that makes me or my income liable for the tax in question" and that he "never received [from respondent's agent] the explanation for why I or my salary for 2011 was liable for the tax, or why I was required to file a return". As a result, petitioner concludes: "I can't pay a tax for which there is no proof that I owe."

At trial petitioner testified that, "according to my research of the Subtitle A, I do not find myself liable for any of those taxes that are listed in Subtitle A. Therefore, I did not file a return." Furthermore, he stated:

> I provided many Supreme Court cases that support this fact [sic], that not all--the labor of American citizens is not taxable, never was, from the beginning, under Subtitle A, of course. * * * And the IRS, in my research and my correspondence with them [i.e., with respondent's agents], I believe the IRS has failed to provide the

appropriate statute that makes me liable, me or my payments liable for a tax under Subtitle A. * * * And I have even questioned IRS authority to even administer and enforce income taxes under Title 26.

Finally, petitioner's pretrial memorandum contains a hodgepodge of frivolous, irrelevant, and spurious arguments. Petitioner's memorandum starts by stating that he had "assessed [him]self" and had determined that he had no tax liability:

> Under the system of "self assessment", I have assessed myself and determined that I had no tax liability under Title 26 for the previous year, nor did I expect to have one. I determined that I was "exempt" and checked the box on line 7 of the voluntary withholding agreement (Form W-4) my employer offered me. Obviously if someone is exempt, their wages/salary is not taxable.

Petitioner's memorandum states that "wages and salaries from the service of private employment of US citizens is not listed as taxable in the code from what I have found." Petitioner's memorandum asks the Internal Revenue Service (IRS) to "provide the code statute [sic] that states the compensation of a retail bookkeeper is a taxable payment/activity/privilege under Title 26". According to petitioner:

> The IRS refuses to say how, or under what code section, they have determined that individual Citizens are LIABLE for tax on DOMESTIC income, THEY JUST PRETEND you are, and hope you don't know any better!

To answer petitioner's question, the Code section that makes him taxable on his compensation is section 61(a)(1), which defines gross income to mean "all income from whatever source derived, including (but not limited to) * * * compensation for services." Petitioner rejects this answer. According to petitioner's memorandum, section 61 does not require his compensation to be included in gross income because that section is found in part I of subchapter B of subtitle A of the Code, entitled "Computation of Taxable Income", and is subject to the next part, part II of subchapter B, entitled "Items Specifically Included in Gross Income", which sets out items specifically included in gross income. Petitioner notes that the items specifically included in gross income that are listed in part II, sections 71 through 90, do not include "the labor of private Americans."

Petitioner's pretrial memorandum states that "American employers do not have to withhold from Citizens." As authority for that statement, he cites IRS Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities, and the Code provisions for the withholding of tax on nonresident aliens and foreign corporations, sections 1441 through 1464. Petitioner's memorandum concludes: "There is no Subtitle A 'income' tax on United States Citizens' labor while they live and work in the States." Finally, petitioner's pretrial memorandum

refers to the source rules and other general rules relating to foreign income found in sections 861 through 865.

We find petitioner's assertion that he was not required to file a tax return or pay tax for taxable year 2011 because the IRS had failed to respond to his request to identify a provision in the Code requiring the filing of a return or the payment of tax to be frivolous. Furthermore, this position is among the positions identified as frivolous by the IRS. See Notice 2010-33, 2010-17 I.R.B. 609, III(1)(b).

Similarly, we find petitioner's assertion that he assessed himself, under our self-assessment tax system, and found that he did not owe any income tax for 2011, equivalent to the argument that the filing of a Federal income tax return and the payment of income tax is voluntary. This is a frivolous position. Furthermore, it is a position that has been identified as frivolous by the IRS. See id., III(1)(a); Rev. Rul. 2007-20, 2007-1 C.B. 863.

We also reject as frivolous petitioner's argument that section 61(a)(1) does not require the inclusion of compensation for services in his gross income. According to petitioner's argument, the only items includable in a taxpayer's gross income are the items enumerated in sections 71 through 90, which constitute part II of subchapter B, bearing the heading "Items Specifically Included in Gross

Income." Because compensation for services is not included among those items, petitioner argues that compensation for services in not included in gross income.

Petitioner's argument is based upon a misinterpretation of the word "included" to exclude compensation for services from the definition of gross income. His argument is contrary to section 7701(c), which provides that the terms "includes" and "including" shall not be deemed to exclude other things otherwise within the meaning of the term defined. Thus, the word "included" in the heading of part II, "Items Specifically Included in Gross Income", is a term of enlargement, not of limitation. Similar attempts to misuse the word "included" in other contexts have been rejected as frivolous. See Wnuck v. Commissioner, 136 T.C. 498, 506 (2011); Callihan v. Commissioner, T.C. Memo. 2011-268 (interpreting the definition of the term "United States" in section 3121(e)(2) to exclude all 50 States), aff'd, 490 F. App'x 327 (11th Cir. 2012); Rev. Rul. 2006-18, 2006-1 C.B. 743 (interpreting the definition of the term "employee" in section 3401(c) to exclude everyone other than Federal employees and persons residing in Washington, D.C. or Federal territories and enclaves).

Finally, we reject as frivolous or groundless petitioner's position that citizens of the United States are not subject to tax on their wages derived from sources within the United States because, according to petitioner, under the Code,

only foreign-based income or income received by nonresident aliens and foreign corporations from sources within the United States is taxable. See Takaba v. Commissioner, 119 T.C. 285, 294-295 (2002). Furthermore, this is a position that has been identified as frivolous by the IRS. See Notice 2010-33, 2010-17 I.R.B. 609, III(5); Rev. Rul. 2004-30, 2004-1 C.B. 622.

For the reasons discussed above, we reject petitioner's position that he is not liable for income tax on the compensation he received from Digital during 2011, and we reject his position that he was not required to file an income tax return for that tax year. Therefore, we sustain respondent's determination of petitioner's taxable income in the notice of deficiency, except for the inclusion of a "prior year state refund" of $2,014 that respondent conceded.

## II. Additions to Tax Under Section 6651(a)(1) and (2)

As mentioned above, respondent determined in the notice of deficiency that petitioner is liable for the addition to tax under section 6651(a)(1), for failure to file a timely return, and the addition to tax under section 6651(a)(2), for failure to timely pay the tax shown on his return. Under section 7491(c), the Commissioner bears the burden of production as to whether a taxpayer is liable for an addition to tax and must provide sufficient evidence showing that imposing the addition to tax is appropriate in the particular case. See Higbee v. Commissioner, 116 T.C. 438

(2001). As to the addition to tax under section 6651(a)(1) for failure to timely file, respondent has met this burden of production by showing that petitioner did not file an income tax return for 2011.

As to the addition to tax under section 6651(a)(2) for failure to timely pay the amount shown as tax on the return, there must first be an amount of tax shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004). For this purpose, a return made by the Commissioner under section 6020(b) that meets certain requirements is treated as the return filed by the taxpayer. See sec. 6651(g)(2); Ulloa v. Commissioner, T.C. Memo. 2010-68, 2010 WL 1330387, at *9.

Respondent introduced an SFR consisting of: Form 13496, IRC Section 6020(b) Certification, signed by respondent's examination operations manager; a Form 4549, Income Tax Examination Changes, including an explanation of the delinquency penalty and a 2011 tax year interest computation; and a Form 886-A, Explanation of Items. The return is subscribed, it contains sufficient information to calculate petitioner's tax liability, and it purports to be a return. Thus, it constitutes a valid SFR under section 6020(b). See Gleason v. Commissioner, T.C. Memo. 2011-154, 2011 WL 2600917, at *12. Accordingly, respondent has

satisfied the burden of production under section 7491(c) for the section 6651(a)(2) addition to tax by producing evidence sufficient to establish that a return showing petitioner's tax liability was filed by petitioner or prepared by respondent as an SFR under section 6020(b) for the year in issue.

Moreover, the petition makes no reference to respondent's determination that petitioner is liable for the additions to tax under section 6651(a)(1) and (2). Thus, petitioner did not assign error in the petition to respondent's determination regarding the additions to tax under section 6651(a)(1) and (2). As a result, those issues are deemed conceded by petitioner under Rule 34(b)(4), which provides that "[a]ny issue not raised in the assignments of error shall be deemed to be conceded", and respondent has no obligation under section 7491(c) to produce evidence that the additions to tax are appropriate. See Swain v. Commissioner, 118 T.C. 358, 363-365 (2002).

III. Sanctions and Costs Under Section 6673(a)

At the conclusion of the trial respondent's attorney orally moved to impose the penalty under section 6673(a) in an amount up to $25,000. During his oral motion respondent's attorney stated that, after reviewing petitioner's papers, he had warned petitioner that petitioner's arguments were frivolous and he had given him an opportunity not to submit those arguments to the Court. According to

respondent's attorney, petitioner responded that he was fully aware of the penalty, and he wanted to move forward. Furthermore, in the following exchange with petitioner at calendar call, the Court also warned petitioner that the Court might impose a penalty under section 6673(a):

> THE COURT: And just so that we have full transparency, and you're aware of what's going on here, at the end of the trial Respondent's counsel may stand up or hand up a written motion asking for penalties against you under Section 6673. Do you know what that section is?
>
> MR. KLEIN: Yes, I did read the Code, yes.
>
> THE COURT: All right. And so you're aware that if I decide that the issues that you're raising are frivolous and primarily for delay * * * that section of the Code authorizes me to impose penalties of $25,000. You're aware of that?
>
> MR. KLEIN: I'm fully aware of the Code, yes.

All of the arguments that petitioner made were frivolous and a waste of the limited resources of the Court and respondent. Petitioner persisted in making these arguments despite warnings by respondent's attorney and the Court. The record also demonstrates that petitioner instituted and maintained these proceedings primarily for delay. In the exercise of our discretion, we conclude that a penalty under section 6673(a)(1) is appropriate. Accordingly, we will order

that petitioner pay to the United States a penalty of $1,000 under section 6673(a)(1).

To reflect the foregoing, including respondent's concession,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.