[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10936
_____

D.C. Docket No. 6:12-cv-00269-RBD-KRS

DAVID W. FOLEY, JR.,
JENNIFER T. FOLEY,

Plaintiffs-Appellants,
Cross Appellants,

versus

ORANGE COUNTY,
a political subdivision of the State of Florida,

Defendant-Appellee,
Cross Appellee,

PHIL SMITH,
CAROL HOSSFIELD,
MITCH GORDON,
ROCCO RELVINI
TARA GOULD,
TIM BOLDIG, et al.,

Defendants-Appellees.
_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 29, 2016)

Before TJOFLAT, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

David Foley and his wife Jennifer Foley (the "Foleys"), proceeding *pro se*, appeal from the District Court's order granting partial summary judgment in favor of defendant Orange County, Florida (the "County") in a civil action on their federal claims for violations of the Due Process Clause, U.S. Const. amend. XIV, § 1, the Equal Protection Clause, *id.*, the First Amendment, U.S. Const. amend. I, and the Fourth Amendment, U.S. Const. amend. IV.[1]  Because we find that these federal claims on which the District Court's federal-question jurisdiction was based are frivolous under *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946), we vacate the District Court's orders.

## I.

The relevant facts and procedural history of this case are fairly straightforward.  This case arose from a citizen complaint filed with the county against the Foleys for breeding and selling toucans from their residentially zoned property.  In response to the complaint, county employees investigated and cited

---

[1]  The Foleys also alleged errors of state law and also appeal the grant of partial summary judgment in favor of the County on those issues.  The County also filed a cross-appeal concerning the grant of partial summary judgment on one of the Foleys' state-law claims. Because we decide that the District Court did not have jurisdiction to consider the state-law claims, we need not decide either the Foleys' state-law appeal or the County's cross-appeal.

the Foleys for having accessory buildings on their property without the necessary permits. These were the buildings the Foleys used to house the toucans.

The Foleys then requested a determination from the county zoning manager as to whether the ordinance under which the Foleys were cited was interpreted properly. The zoning manager determined that the ordinance was interpreted properly—that the Foleys were required under the ordinance to obtain permits for the accessory buildings on their property. This determination was affirmed by the Board of Zoning Adjustment, the Board of County Commissioners, the Florida Ninth Judicial Circuit Court in and for Orange County, and the Fifth District Court of Appeal.

The Foleys then filed this action in federal court. Their complaint, which they later amended,[2] made various state and federal law claims against the County and 19 individual County employees in their official and individual capacities. Under state law, the Foleys again challenged the ordinance requiring permits for the accessory buildings on their property, mainly contending that that ordinance was preempted by Article IV, § 9 of the Florida Constitution, which grants the Florida Fish and Wildlife Conservation Commission executive and regulatory authority over captive wildlife. *See* Fla. Const. art. IV, § 9. Under federal law, the Foleys sought damages pursuant to 42 U.S.C. § 1983 for violations of their federal

---

[2] The District Court subsequently struck the Foleys' amended complaint in its order dismissing the federal and state law claims against the County Officials and County Employees.

3

constitutional rights.  These federal claims were the basis for federal-question jurisdiction in the District Court.[3]  28 U.S.C. § 1331.

After both parties moved for summary judgment, the District Court granted partial summary judgment in favor of the Foleys on one of their state-law claims and granted partial summary judgment to the County on the Foleys' remaining claims.  The District Court also made various immunity rulings in relation to the suits against the County employees.  Most relevant here, the Foleys appeal the grant of summary judgment against their four federal Constitutional claims based on (1) substantive due process; (2) equal protection; (3) compelled and commercial speech; and (4) illegal search and seizure.

## II.

"'We review *de novo* questions concerning jurisdiction.'  We are 'obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.'" *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1269 (11th Cir. 2013) (citation omitted) (quoting *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam) and *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005)). Where a District Court's jurisdiction is based on a federal question, "a suit may sometimes be dismissed . . . where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of

---

[3]  The District Court did not have diversity jurisdiction because all parties are Florida residents.  *See* 28 U.S.C. § 1332(a)(1).

4

obtaining jurisdiction *or where such a claim is wholly insubstantial and frivolous*." *Bell*, 327 U.S. at 682–83, 66 S. Ct. at 776 (emphasis added). "Under the latter *Bell* exception, subject matter jurisdiction is lacking only 'if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992)).

We will review each of the Foleys' federal claims in turn. We "review questions of constitutional law *de novo*." *Kentner v. City of Sanibel*, 750 F.3d 1274, 1278 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 950, 190 L. Ed. 2d 831 (2015) (citing *United States v. Duboc*, 694 F.3d 1223, 1228 n.5 (11th Cir. 2012) (per curiam)).

The Foleys first allege violation of their substantive due process rights. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of the law." U.S. Const. amend. XIV, § 1. Substantive due process protects the rights that are fundamental and "implicit in the concept of ordered liberty." *Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (per curiam) (quotation omitted) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc)). Because property rights are not created by the Constitution, they

are not fundamental rights. *See id.* "Substantive due process challenges that do not implicate fundamental rights are reviewed under the 'rational basis' standard." *Kentner*, 750 F.3d at 1280–81 (applying rational basis standard to non-fundamental rights). The rational basis test is highly deferential. *Id.* at 1281. "In order to survive this minimal scrutiny, the challenged provision need only be rationally related to a legitimate government purpose." *Schwarz v. Kogan*, 132 F.3d 1387, 1390–91 (11th Cir. 1998) (citing *TRM, Inc. v. United States*, 52 F.3d 941, 945 (11th Cir. 1995)). Additionally, while substantive due process rights may protect against arbitrary and irrational legislative acts, *see Lewis v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005) (per curiam), there is no similar protection for non-legislative acts. *DeKalb Stone, Inc. v. Cty. of DeKalb*, 106 F.3d 956, 959–60 (11th Cir. 1997) (per curiam).

Here, the Foleys vaguely allege a substantive due process violation—the County's upholding of the zoning manager's final determination of the interpretation of the ordinance. This is unavailing for either of two reasons: First, because it implicated only property rights and was rationally related to a legitimate government purpose. *See Bannum*, *Inc. v. City of Fort Lauderdale*, 157 F.3d 819, 822 (11th Cir. 1998); *see also Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1214–15 (11th Cir. 1995). Or, second, because enforcement of a valid zoning ordinance is an executive—or non-legislative—act, which is not subject to

6

substantive due process protections.  *See DeKalb Stone, Inc.*, 106 F.3d at 959–60.

Thus, this claim lacks merit.

The Foleys next bring an equal-protection claim.  Equal-protection claims generally concern governmental classification and treatment that impacts an identifiable group of people differently than another group of people.  *Corey Airport Servs., Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1296 (11th Cir. 2012) (per curiam).  To establish a "class of one" equal protection claim, the plaintiff must show that "[he] has been intentionally treated different from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000) (per curiam); *see also Grider v. City of Auburn*, 618 F.3d 1240, 1263–64 (11th Cir. 2010).  "To be similarly situated, the comparators must be *prima facie identical in all relevant respects*."  *Grider*, 618 F.3d at 1264 (quotations omitted).

The District Court properly granted summary judgment in favor of the County because the Foleys cannot establish a "class of one" equal protection claim, as they have failed to identify a similarly situated comparator that was intentionally treated differently.  *Id.*; *Vill. of Willowbrook*, 528 U.S. at 564, 120 S. Ct. at 1074. Thus, this claim lacks merit.

The Foleys also bring a First Amendment claim styled as compelled and commercial speech.  The Speech Clause of the First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech."  U.S. Const. amend. I.  The First Amendment applies to state and local governments by its incorporation through the Due Process Clause of the Fourteenth Amendment. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1268 (11th Cir. 2004).  The First Amendment protects an individual against being compelled to express a message in which he does not agree.  *Johanns v. Livestock Mktg. Ass'n*, 544 U.S. 550, 557, 125 S. Ct. 2055, 2060, 161 L. Ed. 2d. 896 (2005).  It also protects commercial speech from unwarranted governmental regulation.  *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 561, 100 S. Ct. 2343, 2349, 65 L. Ed. 2d 341 (1980).  The Supreme Court has defined commercial speech as "expression related solely to the economic interests of the speaker and its audience," and noted that commercial speech is entitled to less constitutional protection than other forms of speech.  *Id.* at 561–63, 100 S. Ct. at 2349–50.

The Foleys allege that their request for the zoning manager's final determination and their various appeals amount to compelled and commercial speech.  The Foleys' voluntary actions do not constitute compelled or commercial speech because neither do they amount to a government regulation that compelled them to express a message in which they did not agree, *see Johanns*, 544 U.S. at

8

557, 125 S. Ct. at 2060, nor are they commercial in nature. *Cent. Hudson Gas & Elec. Corp.*, 447 U.S. at 561, 100 S. Ct. at 2349.  Thus, this claim lacks merit.

Finally, the Foleys bring an illegal search and seizure claim.  The Fourth Amendment provides that individuals have the right "to be secure in their persons, houses, papers, and effects, [and] against unreasonable searches and seizures." U.S. Const. amend. IV.  "A seizure occurs when there is some meaningful interference with an individual's possessory interests in the property seized." *Maryland v. Macon*, 472 U.S. 463, 469, 105 S. Ct. 2778, 2782, 86 L. Ed. 2d 370 (1985) (quotations omitted).  The Supreme Court has indicated that the voluntary transfer of a possessory interest does not constitute a seizure under the Fourth Amendment.  *See id.* (concluding that the seller of magazines transferred his possessory interest in the magazines upon voluntarily selling them).

The Foleys allege that their voluntary request for a determination from the zoning manager, subsequent fees paid to appeal that decision, and a potential application for a special exception amount to an illegal seizure.  These voluntary actions plainly do not constitute a seizure under the Fourth Amendment.  *See id.* Thus, this claim lacks merit.

All of the Foleys' federal claims[4] either "'ha[ve] no plausible foundation, or . . . [are clearly foreclosed by] a prior Supreme Court decision.'" *Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352 (quoting *Barnett*, 956 F.2d at 1041). The District Court therefore lacked federal-question jurisdiction. *Bell*, 327 U.S. at 682–83, 66 S. Ct. at 776. Without federal-question jurisdiction, the District Court did not have jurisdiction to determine the state-law claims presented by the Foleys. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).

The District Court's judgment is vacated and the case is remanded to the District Court with instructions that the court dismiss this case without prejudice for lack of subject matter jurisdiction.

VACATED and REMANDED.

---

[4] As the District Court noted, it would be theoretically possible for the Foleys to bring a regulatory takings claim under 42 U.S.C. § 1983. "The application of an invalid land use regulation may form the basis of a regulatory takings claim." *Foley v. Orange Cty.*, No. 6:12-cv-269-Orl-37KRS, 2012 WL 6021459, at *7 (M.D. Fla. Dec. 4, 2012). Although the District Court order explained how the Foleys could properly make such a claim, *see id.*, they did not make such a claim in their second amended complaint. *See Foley v. Orange Cty.*, No. 6:12–cv–269–Orl–37KRS, 2013 WL 4110414, at *9 n.13 (M.D. Fla. Aug. 13, 2013) (noting that the Foleys "have refused to characterize their challenge as a regulatory takings claim"). At any rate, even positing such a claim, the claim would likely not be ripe because the Foleys do not appear to have pursued a permit, retroactively or otherwise, for the accessory structure. *See Agripost, Inc. v. Miami-Dade Cty. ex rel. Manager*, 195 F.3d 1225, 1229–30 (11th Cir. 1999) (requiring parties to pursue administrative remedies before bringing a regulatory takings claim). The Foleys have instead challenged the interpretation and application of the zoning ordinances.