[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12740

Non-Argument Calendar

_____

DAVID WASH FOLEY, JR.,
JENNIFER T. FOLEY,

                                        Plaintiffs-Appellants,

*versus*

ORANGE COUNTY,
ASIMA M. AZAM,
TIM BOLDIG,
FRED BRUMMER,
RICHARD CROTTY,
individually and together, in their personal capacities, et al.,

                                        Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00456-RBD-EJK

———————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

David Foley Jr., and his wife, Jennifer Foley, filed a *pro se* complaint against Orange County, Florida, and nineteen individual defendants, raising the same federal and state law claims against the same defendants as they have alleged in several prior federal and state lawsuits arising from the same set of facts as those presented here. The Foleys now appeal the district court's decision to designate them vexatious litigants and restrict their ability to file future lawsuits. Because the record supports the district court's findings that the Foleys are vexatious litigants, and because the district court has not entirely prevented the Foleys from accessing federal court, we affirm.

## I.

Although this lawsuit was filed in 2022, the underlying dispute began in 2007, when a neighbor complained to Orange County about the Foleys breeding toucans in an aviary built on residential property. In an administrative proceeding, the County determined that the Foleys' aviary was against County code because

23-12740            Opinion of the Court            3

it required permits that the Foleys never secured. That proceeding gave rise to the Foleys' first state court litigation (*Foley I*), in which they contested both the County's substantive determination that they were violating County code by building an aviary without a permit as well as the procedures used by the County in making that determination. The state courts rejected both arguments, meaning the Foleys could either get a permit or destroy the aviary. The Foleys tried to obtain a permit, but their request was denied. They appealed their way through Florida's state courts (*Foley II*), but the denial was upheld at every stage. The Foleys were ultimately forced to destroy the aviary and make other accommodations for the toucans.

The Foleys then turned to federal court, filing their first *pro se* federal lawsuit against Orange County and nineteen county officials involved in the code-enforcement and permitting processes. *See Foley v. Orange County*, Docs. 1, 162, 6:12-cv-00269 (M.D. Fla.) (*Foley III*). The Foleys alleged violations of their substantive due process and equal protection rights under the Fourteenth Amendment, their First Amendment commercial free speech rights, and their Fourth Amendment rights to be free from unreasonable searches and seizures. The district court ruled against the Foleys on all those claims. We affirmed, specifically concluding that the Foleys' claims were so frivolous that, under *Bell v. Hood*, 327 U.S. 678 (1946), federal courts lacked subject-matter jurisdiction to adjudicate them. *Foley v. Orange Cnty.*, 638 F. App'x 941, 942 (11th Cir. 2016).

The Foleys tried their luck again in state court, *Foley IV*, suing the same twenty defendants from *Foley III*. The Foleys alleged violations of various state laws as well as procedural due process and Takings Clause violations. The Foleys dropped their Takings Clause claim voluntarily, and the state trial court ruled against the Foleys on all remaining claims. In response, the Foleys filed six motions for rehearing in the state trial court, three appeals to the intermediate state appellate court, seven motions for rehearing in the intermediate appellate court, one appeal to the Florida Supreme Court, two petitions for a writ of mandamus, and one petition for a writ of prohibition. Every request for relief was denied.

The Foleys then came back to federal court and filed this lawsuit, *Foley V*. Suing the same twenty defendants from *Foley III* and *Foley IV*, the Foleys alleged procedural due process and Takings Clause violations. The defendants moved to dismiss the claims on *res judicata* grounds; the district court granted the motion; we affirmed. *See Foley v. Orange Cnty.*, 2024 WL 49134 (11th Cir. Jan. 4, 2024).

After the district court's dismissal of the complaint in this case, and while the appeal of that dismissal was pending in this court, the defendants asked the district court to declare the Foleys vexatious litigants and to impose various pre-filing restrictions on them. The district court granted that request, finding that the Foleys' legal claims are meritless, that the Foleys have been harassing the defendants, and that the Foleys' litigation tactics have been burdensome on—and at times even insulting to—the courts. *See* D.E.

162 at 2–3. The district court concluded, based on its "long history with" the Foleys, that "restricting their filing privileges is the only way to deter them from continuing this nonmeritorious obsessive litigation." *Id.* at 3 (internal quotation marks and citation omitted). Accordingly, the district court declared the Foleys vexatious litigants and ordered that "[a]ny new pleading filed by these Plaintiffs . . . will be assigned to and reviewed by the judges assigned to this case," in accordance with the Middle District of Florida, Orlando Division's vexatious litigant procedures. *Id.* at 4. Pursuant to those procedures, any new complaint filed by the Foleys will be allowed so long as it provides federal subject matter jurisdiction, is not duplicative or harassing, and is not otherwise frivolous. *See In re Vexatious Litigants in the Orlando Division*, 6:23-mc-00003 (M.D. Fla. Jan. 18, 2023).

## II.

We review the district court's decision to restrict the Foleys' filing privileges for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1095-96 (11th Cir. 2008); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004).

## III.

The All Writs Act provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Klay*, 376 F.3d at 1099 (quoting 28 U.S.C. § 1651(a)). This power includes the authority "to enjoin

litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980).

We have recognized that "[c]onsiderable discretion necessarily is reposed in the district court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc). The only restriction on injunctions designed to protect against vexatious litigation is that a litigant cannot be "completely foreclosed from any access to the court." *Id.*; *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). We have upheld an injunction requiring the pre-filing screening of claims against a vexatious litigant. *See Martin-Trigona*, 986 F.2d at 1387-88; *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991).

Here, the record supports the district court's determination that the Foleys are vexatious litigants. They have instituted multiple proceedings in state and federal court, pursuing the same claims, against the same defendants, based on the same facts, for more than a decade. They have lost on every claim at every step of the way. Yet, as the district court concluded, absent some deterrence, the Foleys are committed to reasserting these claims.

The pre-filing restrictions adopted by the district court are appropriate under the circumstances and under our precedents. Those restrictions do not foreclose the Foleys' access to the court system and impose only a minimally restrictive screening process for weeding out frivolous, duplicative, or harassing claims. Such screening processes are a permissible restriction on vexatious litigants. *See Cofield*, 936 F.2d at 518. Because the district court

23-12740               Opinion of the Court                    7

reasonably exercised its considerable discretion in designating the Foleys vexatious litigants and conditioning their future filings, and because that injunction does not completely foreclose the Foleys' access to the courts, we affirm. *See Procup*, 792 F.2d at 1074.

**AFFIRMED.**