**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-14143
Non-Argument Calendar

————————————

DAVID WASH FOLEY, JR.,
JENNIFER T. FOLEY,

Plaintiffs-Appellants,

*versus*

ORANGE COUNTY,
   a political subdivision of Florida,
ASIMA M. AZAM,
TIM BOLDIG,
   individually and together,
   in their personal capacities,
FRED BRUMMER,
RICHARD CROTTY,
   individually and together,
   in their personal capacities, et al.,

*Defendants-Appellees.*

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00456-RBD-EJK

—————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

David and Jennifer Foley, proceeding *pro se*, appeal the district court's denial of their Federal Rule of Civil Procedure 60(b)(4) motion to vacate a judgment as void. In response, Orange County and the nineteen individual appellees contend that the Foleys' arguments are frivolous and request that we impose sanctions. One set of appellees filed their motion for sanctions under the incorrect case number and have also moved for us to deem their motion timely filed in this case. Because we already decided the issues that the Foleys now argue entitle them to relief, the law of the case doctrine requires us to deny their Rule 60(b)(4) motion. And because the Foleys' arguments are clearly frivolous, we grant the appellees' motions for sanctions.

**I.**

This case has come before us many times on appeal. To orient ourselves for this appeal, a brief review of the relevant facts and procedural history is in order.

In 2007, a neighbor complained to Orange County that the Foleys were breeding toucans in an aviary built on residential property. After investigating, the County determined that the aviary

violated County code because it required permits that the Foleys never obtained. The Foleys challenged the County's determination in state court and lost (*Foley I*). Following a series of unsuccessful appeals (*Foley II*), they were forced to remove their aviary and make other accommodations for their toucans.

The Foleys then turned to federal court, filing a *pro se* lawsuit against Orange County and nineteen county personnel (consisting of six "Employees" and thirteen "Officials"), alleging violations of the First, Fourth, and Fourteenth Amendments. The district court ruled against the Foleys on all claims, and we affirmed, concluding that the claims were so frivolous that, under *Bell v. Hood*, 327 U.S. 678 (1946), a federal court lacked subject-matter jurisdiction to adjudicate them. *Foley v. Orange County* (*Foley III*), 638 F. App'x 941, 942 (11th Cir. 2016).

Undeterred, the Foleys returned to state court, suing the same defendants for allegedly violating various state laws, procedural due process guarantees, and the Takings Clause. The Foleys voluntarily dropped their federal Takings Clause claim but maintained a similar state law takings claim. The state court ruled against them on all counts (*Foley IV*).

The Foleys then filed another *pro se* lawsuit in federal court against the same defendants, alleging violations of procedural due process guarantees and the Takings Clause. The defendants moved to dismiss the claims on res judicata grounds. The district court granted the motion, and we affirmed, reasoning that "res judicata bars relitigation of any claims that could have been raised in the

previous action." *Foley v. Orange County* (*Foley V*), No. 22-13864, 2024 WL 49134, at *3 (11th Cir. Jan. 4, 2024), *cert. denied sub nom.*, 145 S. Ct. 172 (2024). The Foleys requested—and we denied—a panel rehearing. Meanwhile, the defendants asked the district court to declare the Foleys vexatious litigants and to impose various pre-filing restrictions on them. The district court granted that motion, and we affirmed. *Foley v. Orange County* (*Foley VI*), No. 23-12740, 2024 WL 3517648, at *3 (11th Cir. July 24, 2024). The Foleys petitioned for panel rehearing and rehearing en banc, and we denied both requests.

After we decided *Foley VI*, the Foleys filed a motion under Federal Rule of Civil Procedure 60(b)(4), asking the district court to vacate its dismissal order, the judgment it entered against the Foleys, the vexatious litigant order, and an order granting the defendants' attorney's fees. The district court denied the Foleys' Rule 60(b)(4) motion. It refused to reconsider its prior orders, stating that the first three had already been affirmed by our Court, and the Foleys' motion for reconsideration of the fourth had already been denied. The district court warned the Foleys that "further frivolous filings [would] subject them to sanctions."

The Foleys appealed. In response, the appellees filed motions under Federal Rule of Appellate Procedure 38 to sanction the Foleys "for submitting arguments on appeal which are utterly devoid of merit." One set of appellees, the Officials, erroneously filed its Rule 38 motion under a prior appeal number and have moved for us to deem their motion timely filed in this case.

## II.

We review denials of Rule 60(b)(4) motions de novo. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736 (11th Cir. 2014). We will not review an argument that an appellant fails to brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Rule 60(b)(4) allows federal courts to vacate void judgments. Fed. R. Civ. Proc. 60(b)(4). A judgment is void under Rule 60(b)(4) when the court that entered the judgment (1) lacked jurisdiction or (2) denied the movant due process. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). A movant bears the burden of showing that he or she is entitled to relief under Rule 60(b). *See, e.g.*, *Gonzales v. Crosby*, 545 U.S. 524, 528-29 (2005) (explaining that a movant must present a reason that justifies vacating a judgment to qualify for relief under Rule 60(b)(6)).

Courts can vacate affirmed judgments only when an exception to the law of the case doctrine applies. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1292 (11th Cir. 2005). Under the law of the case doctrine, our findings of fact and conclusions of law are binding in subsequent proceedings in the same case. *This That & The Other Gift & Tobacco, Inc. v. Cobb County*, 439 F.3d 1275, 1283 (11th Cir. 2006). There are only three exceptions to the law of the case doctrine: (1) discovery of new evidence; (2) controlling authority that is contrary to the prior decision; and (3) a clearly erroneous prior ruling that would cause a manifest injustice if implemented. *Schiavo*, 403 F.3d at 1292.

The Foleys argue that *Foley V* is void because it was entered without jurisdiction and denied them due process. They contend that *Foley V* fails "to acknowledge that the Complaint is King" by committing two fatal errors. First, they argue that *Foley V* misidentified the property interest at issue as an aviary (rather than the toucans), which violated the Takings Clause by depriving them of their toucans and their cause of action. And second, they contend that *Foley V* mischaracterized their claims as reassertions of their state case claims instead of challenges to the validity of the state court's judgment in *Foley IV*. Based on that alleged misunderstanding, they argue that we adjudicated a different claim than the one they actually pleaded, "usurp[ing] Congress' Article III power" and deciding the case without authority. Because these errors render *Foley V* void, they argue, not granting Rule 60(b)(4) relief would cause a manifest injustice.

The appellees argue that the district court properly denied the Foleys' Rule 60(b) motion for two reasons. First, they contend that the district court denied the Rule 60(b) motion on the merits when it did not identify any extraordinary circumstances to justify reconsidering the prior orders. Second, they claim that, even if the district court gave a terse explanation for its Rule 60(b) denial, its ruling was correct because the Foleys did not demonstrate that the district court's judgment was void. They argue that a judgment is only void if the issuing court lacked jurisdiction or effectuated a due process violation—and that neither of those conditions is met here.

24-14143                Opinion of the Court                7

As an initial matter, the Foleys have abandoned their challenge to the district court's vexatious litigant order and order granting attorney's fees because they have not explained why they believe those orders are void on appeal. *See Sapuppo*, 739 F.3d at 681. Accordingly, we do not analyze the Foleys' challenge to either order. *See id.*

As to the dismissal and judgment orders, we agree with the appellees. *Foley V* is not void under Rule 60(b)(4) because it does not rest on a jurisdictional defect or a due process violation. Instead, *Foley V* resolved the very issues that the Foleys now reassert create jurisdictional and due process concerns. The law of the case doctrine forecloses the Foleys from relitigating those same issues in the form of a Rule 60(b)(4) motion. *See This That & The Other Gift & Tobacco, Inc.*, 439 F.3d at 1283. First, *Foley V* necessarily determined that the property interest at issue was identical to the property interest in *Foley IV* because it disposed of the case on preclusion grounds. That determination thwarts the Foleys' contention that we analyzed a different property interest in *Foley V* than they identified in their pleadings. *Foley V* at 4. Second, *Foley V* considered and rejected the Foleys' argument that the state court judgment was invalid. In doing so, *Foley V* explicitly considered the Foleys' reliance on *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014), distinguished it from their case, and rejected their position that the state court decision created a new intervening basis for a federal due process claim. *Foley V* at 8.

And no exception to the law of the case doctrine applies either. The Foleys do not identify new evidence or a change in controlling authority to justify departing from our previous decision, and their contention that *Foley V* was clearly erroneous and would work a manifest injustice falls short. *See Schiavo*, 403 F.3d at 1292. *Foley V* was not erroneous—and certainly not clearly so. On the res judicata issue, we properly applied the Florida preclusion standard and reasoned that the Foleys due process and Takings Clause claims were both barred. *See Foley V* at 6–8. And on their argument that the state court judgment was invalid, we considered their cited authority, distinguished it from their case, and determined that the state court properly dismissed their complaint. *Foley V* at 8. Accordingly, because the third exception's requirement of clear error is not satisfied, it fails outright, and we need not consider the manifest injustice element. No exception saves the Foleys' arguments from the law of the case doctrine.

Because the Foleys' only arguments as to why *Foley V* suffered from jurisdictional and due process infirmities are barred by the law of the case doctrine, they are not entitled to relief under Rule 60(b)(4). Accordingly, we affirm the district court's denial of their Rule 60(b)(4) motion and decline to vacate our mandate in this case.

### III.

We have discretion to sanction parties who file frivolous appeals after an opposing party files a request for sanctions. Fed. R. App. Proc. 38. We may award attorney's fees and double costs to

an appellee when an appeal is clearly frivolous. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018). An appeal is clearly frivolous if an appellant's substantive arguments lack all merit. *Parker v. Am. Traffic Sol., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016). Sanctioning a pro se party on appeal is appropriate after a court warns the pro se party that his or her arguments are frivolous. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008).

Here, the Foleys' conduct merits sanctions because the district court warned the Foleys that their arguments were frivolous, and they then filed a meritless appeal anyway. *See Parker*, 835 F.3d at 1371; *see also Morse*, 532 F.3d at 1133. Unlike *Foley V* where the Foleys correctly identified an error in the district court's res judicata reasoning, *Foley V* at 10, the Foleys' arguments here, for the reasons discussed above, are completely meritless. As a result, the Foleys' appeal is clearly frivolous. *See Parker*, 835 F.3d at 1371. Accordingly, we grant the appellees' Rule 38 motions for attorney's fees and double costs. *See Jackson*, 898 F.3d at 1359.

## IV.

For the reasons stated above, we **AFFIRM** the district court's denial of the Foleys' post-judgment motion. We **GRANT** the Officials' motion to deem their motion for sanctions erroneously filed in Appeal No. 23-12740 as timely filed in this appeal. And we **GRANT** all appellees' motions for sanctions. The appellees are awarded their attorney's fees for litigating this appeal and double costs. We **REMAND** this case to the district court to determine the amount of attorney's fees and costs to be awarded.